Before STATE INDUSTRIAL BOARD, Respondent.

FABY L. SPRINGER, Claimant, Respondent, *v.* CHARLES E. NORTH and Another, Appellants.

Third Department, June 19, 1923.

**Workmen's compensation — claimant was engaged in drawing wood for his employer — he was injured while waiting at store for tobacco for himself — injury arose out of and in course of employment.**

The injury suffered by the claimant arose out of and in the course of his employment, since it appears that at the time of the accident he was drawing wood for his employer and had stopped at a store to purchase tobacco for himself and that while reaching for the tobacco as it was being handed to him the horses started, throwing him to the ground.

APPEAL by the defendants, Charles E. North and another, from an award of the State Industrial Board, made on the 6th day of December, 1922.

*William H. Foster*, for the appellants.

*Carl Sherman*, Attorney-General [*E. C. Aiken*, Deputy Attorney-General, of counsel], for the respondents.

HINMAN, J.:

The claimant was employed as a teamster by the appellant, employer. While driving a horse-drawn vehicle upon which wood was loaded which it was his duty to deliver to his employer's customers, claimant stopped at a grocery store to purchase some chewing tobacco for his own personal use. The claimant had not left the wagon but had called to the clerk for the tobacco. While reaching for it as it was being handed to him, in doing which he had one foot on the wheel, the horses started, throwing him to the ground and causing the injuries for which an award has been made.

The contention of the appellants is that claimant stepped out of his employment in stopping and getting the chewing tobacco for his own personal use. A strikingly similar case is found in *M'Lauchlan* v. *Anderson* (48 Sc. L. R. 349; 4 B. W. C. C. 376), which arose under the English Workmen's Compensation Act, 1906 (6 Edw. 7, chap. 58, § 1, subd. 1). There a workman was employed as laborer in connection with loading and unloading wagons, and accompanying them while being hauled by a traction engine from one quarry to another. While sitting on a wagon which was being so hauled, he dropped his pipe, and, in attempting to get down to recover it, he lost his balance and fell in front of the wheels of the wagon, which ran over him, fatally injuring him. It was claimed that he attempted to get down from the wagon, not for any object connected with his employment, but for his own purpose. The court held that the accident arose out of and in the course of his employment, saying: " I think the fallacy that has led the learned arbitrator astray is connected with the true meaning of the words ' his own purpose.' In one sense anything a man does in connection with his own body is done for his own purpose — eating and drinking are illustrations, but these are none the less things a workman is perfectly entitled to do in the course of his employment. The Lord Chancellor (Lord LOREBURN) in the course of his opinion in the case of *Moore* v. *Manchester Liners, Limited* (L. R. [1910] A. C. 498, at p. 500), said this ' I think an accident befalls a man " in the course of " his employment if it occurs while he is doing what a man so employed may reasonably do within a time during which he is employed, and at a place where he may reasonably be during that time to do that thing.' Now this man's operation of getting down from the waggon to recover his pipe seems to me to satisfy all those conditions. Taking them in their inverse order, he had a right to be at the place, riding on or walking beside the waggons; he was within the time during which he was employed, because the accident happened during the actual period of transit; and he was doing a thing which a man while working may reasonably do — a workman of his sort may reasonably smoke, he may reasonably drop his pipe, and he may reasonably pick it up again. I think this case is in thorough contrast to the cases which were cited to your Lordships of the engine-driver and the ticket-collector. Each of those men was doing something which was not incidental to his ordinary work, but took him away from his work for a purpose purely his own — the engine-driver went to fetch a book, and the ticket-collector to talk to a lady passenger."

The principle of that case has been recognized and applied by this court in quite similar cases (*Sztorc* v. *Stansbury, Inc.,* 189

App. Div. 388; *Malandrino* v. *Southern N. Y. P. & R. Corp.*, 190 id. 780; *Etherton* v. *Johnstown Knitting Mills Co.*, 184 id. 820; *Chludzinski* v. *Standard Oil Co.*, 176 id. 87) and the distinction there made clearly distinguished any of the cases in our jurisdiction cited by appellants. (*Culhane* v. *Economical Garage Co.*, 188 App. Div. 2; *Gisner* v. *Dunlop*, 191 id. 633; *Matter of Di Salvio* v. *Menihan Co.*, 225 N. Y. 123.)

The award should be affirmed, with costs in favor of the State Industrial Board.

Present — H. T. Kellogg, Acting P. J., Van Kirk, Hinman and Hasbrouck, JJ.

Award unanimously affirmed, with costs in favor of the State Industrial Board.