# Richmond

VIRGINIA ICE & FREEZING CORPORATION, A CORPORATION V.
MARY A. COFFIN.

March 12, 1936.

Present, All the Justices.

The opinion states the case.

*Earl W. White* and *Ferebee & White,* for the plaintiff in error.

*Preston P. Taylor,* for the defendant in error.

HOLT, J., delivered the opinion of the court.

In the afternoon of August 11, 1934, the Virginia Ice & Freezing Corporation sent ice by one of its drivers in one of its trucks to the Union Station in the city of Norfolk. This driver was instructed to make delivery and to return to the ice factory. Delivery in due course was made. He then upon return proceeded to retrace his way, but when he had reached a point three or four blocks distant from the plant, turned sharply to the right and started to a point thirty-five blocks away that he might pay a bill of his own. The accident out of which damage comes was about twenty blocks along the journey which he was then making. His negligence is not questioned nor is the amount of the judgment, $316.30. A warrant issued against the driver, Wyman Bailey, and the ice company, which was heard in the civil justice court of that city.

There was a judgment against the driver in the sum of $307.85. The civil justice dismissed the cause of action against the principal, Virginia Ice & Freezing Corporation. Plaintiff thereupon appealed as to it to the Circuit Court for the city of Norfolk, which by consent heard that appeal on an agreed statement of facts and without the intervention of a jury.

This is that statement:

"The plaintiff secured a judgment in the Civil Justice Court of the city of Norfolk against the driver, Wyman Bailey, and said civil justice dismissed the cause of action against the principal, Virginia Ice & Freezing Corporation. Plaintiff appealed as to Virginia Ice & Freezing Corporation to the Circuit Court of the city of Norfolk and there secured a judgment against the principal, Virginia Ice & Freezing Corporation, in the sum of $316.30, which latter case was heard by the court, a jury having been waived on agreed statement of facts as follows:

"Affidavit having been filed in due form, denying operation and control by the principal, Virginia Ice & Freezing Corporation, at the time the accident occurred, it is stipulated between counsel that the undisputed facts are as follows:

"That one of the defendants, Virginia Ice & Freezing Corporation, operates an ice plant, situated on Southampton avenue one block north of Front street, in the city of Norfolk, Virginia; that on the 11th day of August, 1934, at 5 P. M., the defendant's driver was instructed to make a delivery at the Union Station, in the city of Norfolk, and return to the plant; that all drivers have blanket instructions not to use the defendant's trucks for their own personal use; that the usual course, and the only direct route, for the driver to have taken, is from the plant one block east to Colley avenue; south one block to Front street; east on Front street over Atlantic City bridge connecting with York street; east on York street to Boush street; south on Boush street to Main street; east on Main street to the Union Station, the place of delivery, and return to the plant by same route.

"That said driver followed the aforesaid route, completed the delivery, and on returning by the aforesaid route to York and Botetourt streets, then and there, instead of continuing on York street over the Atlantic City bridge and west on Front street, turned right on Botetourt street over Botetourt street bridge, drove north five blocks to Olney road; west on Olney road one block to Colonial avenue, and turned north on Colonial avenue and drove fifteen blocks to the intersection of Twenty-first and Colonial avenue, where the accident occurred, thereby abandoning the business of the master, and deviated from the usual and only direct route twenty city blocks. It was the intention of the driver to continue on Colonial avenue to Thirty-fifth street, fourteen additional blocks, to pay a personal bill, which had no connection with the master's business.

"The amount of damages in the sum of $316.30 is admitted and the defendant raised no question with reference to the negligence of the driver.

"On the above agreed statement of facts, the court entered judgment for the plaintiff against the Virginia Ice

& Freezing Corporation in the sum of $316.30, to which action of the court the defendant excepted."

■ Concededly the driver was not about his master's business. Not only is this true, but his conduct was in violation of instructions. Of course a servant is not required to return by air line from an errand performed, nor must he adopt the shortest practicable route. A detour in reason does not change his status, but an abrupt and unmistakable departure for some purpose of his own does. Here as we have seen it was his purpose to go away from his factory for thirty-five blocks on a mission of no interest to his employer.

■ We are not unmindful of the weight which should be given to the trial court nor of the rebuttable presumption which obtains where through negligence injury is inflicted by a servant in the general course of his employment, but where a servant steps aside for some business of his own the relation of the master and servant is for the time being suspended, and that is this case. It is controlled by *Western Union Tel. Co.* v. *Phelps*, 160 Va. 674, 169 S. E. 574. The reasons which led to our judgment there and the authorities cited call for a reversal here, and it is so ordered.

*Reversed.*