## Norfolk

FAY M. JONES

v.

COLONIAL WILLIAMSBURG FOUNDATION

No. 1343-88-1

Decided July 25, 1989

434

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

COUNSEL

William D. Breit and Karen M. Rye (Breit, Drescher & Breit, on brief), for appellant.

Paul C. Kuhnel (McGuire, Woods, Battle & Boothe), for appellee.

OPINION

**MOON, J.**—Fay M. Jones, a pantry worker at the King's Arms Tavern, seeks reversal of an Industrial Commission decision finding that her injury did not arise out of and was not in the course of her employment. We reverse the decision because we find that even though her activity at the time of injury was personal in nature and even though she had not reported for work, the activity on the premises which precipitated the injury was so incidental to the employment as to be expected of the employee during the course of employment.

 Whether an injury arises out of and in the course of employment is a mixed question of law and fact and is, thus, reviewable upon appeal. *Park Oil Co. v. Parham*, 1 Va. App. 166, 168, 336 S.E.2d 531, 532 (1985); *American Furniture Co. v. Graves*, 141 Va. 1, 13-14, 126 S.E. 213, 216 (1925). The facts of this case are not in dispute.

On November 4, 1987, Fay Jones, a pantry worker at the King's Arms Tavern in Williamsburg, rode to work with a co-worker, Gloria Hundley. When Hundley parked the car in the employees' parking lot, Jones offered to take a small amount of trash, consisting of cigarette butts, potato chip bags and soda bottles, out of the car and put it in the trash receptacle behind the tavern. The receptacle is a modern dumpster made to look like a colonial well house. Both the driveway leading up to the parking lot and the

trash dumpster are within the yard of the King's Arms Tavern, which is the property of Colonial Williamsburg.[1]

Jones headed directly to the tavern along a driveway that leads from the street to the rear of the tavern. She took two to three steps from the direct line of travel to the tavern door and up one or two stair steps of the well house.

After throwing the trash from the top step into the dumpster, she turned to go toward the tavern, slipped on the wet step of the trash house, and injured her leg. At the time of her injury, she had not yet clocked in to work.

The full commission found that Jones was on a "personal mission" and was not performing a duty for her employer. For this reason, the commission denied compensation.

 Generally, a compensable injury must arise out of and occur in the course of the claimant's employment. Code § 65.1-7. An injury "arises out of" the employment "when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury." *Brown v. Reed*, 209 Va. 562, 564, 165 S.E.2d 394, 397 (1969). An accident occurs "in the course of" employment "when it takes place within the period of the employment, at a place where the employee may be reasonably expected to be, and while he is reasonably fulfilling the duties of his employment or is doing something reasonably incident thereto." *Id*. An employee going to and from the workplace is not normally considered to be engaged in an activity arising out of and in the course of employment. *GATX Tank Erection Co. v. Gnewuch*, 221 Va. 600, 603-04, 272 S.E.2d 200, 203 (1980); *Kent v. Virginia-Carolina Chemical Co.*, 143 Va. 62, 66, 129 S.E. 330, 331 (1925).

 However, when an employee is injured on the employer's premises while going to or from work, the injury is treated as though it happened while the employee was engaged in his work at the place of its performance. *Reed*, 209 Va. at 565, 165 S.E.2d

---

[1] The property of Colonial Williamsburg consists of many square miles and includes the King's Arms Tavern property. We are here concerned only with the premises of King's Arms Tavern and the opinion should be read as applying to the premises of the King's Arms Tavern, not all of the property owned by Colonial Williamsburg.

at 397; *see* A. Larson, *Workmen's Compensation Law* § 15.00 (1984).

■ For instance, in *Reed*, the Supreme Court held that an employee who fell while walking across the employer's parking lot sustained a compensable injury. The *Reed* Court stated:

> "[E]mployment includes not only the actual doing of the work, but a reasonable margin of time and space necessary to be used in passing to and from the place where the work is to be done. If the employee be injured while passing, with the express or implied consent of the employer, to or from his work by a way over the employer's premises, or over those of another in such proximity and relation as to be in practical effect a part of the employer's premises, the injury is one arising out of and in the course of the employment as much as though it had happened while the employee was engaged in his work at the place of its performance. In other words, the employment may begin in point of time before the work is entered upon and in point of space before the place where the work to be done is reached."

209 Va. at 565, 165 S.E.2d at 397 (quoting *Bountiful Brick Co. v. Giles*, 276 U.S. 154, 158 (1928)).

Colonial Williamsburg does not argue that Jones was at a place where employees were not allowed to be or that she violated a work rule. Colonial Williamsburg claims only that she was doing something of a personal nature. The fact that an employee is engaged in an activity of a personal nature, in itself, is not a sufficient basis for denying compensation to an employee injured on the employer's premises.

■ "It is uniformly held that 'An injury sustained by an employee while engaged in the performance of an act essential to his personal comfort and convenience, but ultimately for the benefit of the employer, is compensable.'" *Bradshaw v. Aronovitch*, 170 Va. 329, 336, 196 S.E. 684, 688 (1938). In *Bradshaw*, an employee was injured when he climbed from the cab onto the running board of a moving soft drink truck to get a drink for his personal consumption. The Supreme Court found his injury compensable, stating:

In the final analysis, then, we have a case where an employee is thrown from a truck on which he is riding in the performance of his duties, when for the moment he was performing an act for his personal comfort and convenience. And, as we have already seen, injuries from accidents arising in this manner are compensable.

*Id.* at 338, 196 S.E. at 689. The *Bradshaw* court cited other similar instances of employees being entitled to compensation when their injuries arose during employment but while they were performing personal missions.

One such case was *Springer v. North*, 205 A.D. 754, 200 N.Y.S. 248 (1923), where an employee, delivering wood by wagon to his employer's customers, stopped in front of a store to purchase chewing tobacco for his own use. While reaching for the tobacco with one foot still on the wagon wheel, the horses started and he was injured. The injury was held to be incidental to the employment and justified an award under the workmen's compensation statute of New York.

Another case cited by the Supreme Court in *Bradshaw* was *McLaughlan v. Anderson*, 48 Sc. L. R. 349, 4 B.W.C.C. 376, which arose under the English Workmen's Compensation Act of 1906. There, recovery was allowed where a man fell from a wagon while attempting to recover his dropped pipe. The court noted that "a workman of this sort might reasonably smoke, might reasonably drop his pipe, and might reasonably pick it up again without departing from his employment." *Bradshaw*, 170 Va. at 337, 196 S.E. at 687. Thus, the mere fact that the activity was personal did not preclude the awarding of compensation.

Most jurisdictions draw a "bright line" at the employer's door. *See* A. Larson, *supra*, § 15.11. We believe the Supreme Court adopted this bright line in *Reed* when it held that if an employee is injured while going to and from his work, and while on the employer's premises, the injury is treated at law as if it had happened while the employee was engaged in his work at the place of its performance. 207 Va. at 565, 165 S.E.2d at 397. Based on *Reed*, we believe that an employee injured on the employer's premises is entitled to compensation if the injury occurs as the result of an activity reasonably expected to be carried on by the employee during the course of his work, be it personal or di-

rectly work related. Accordingly, Jones would be barred from recovery only if the activity resulting in the injury was not an activity reasonably expected of an employee under the conditions of the employment.

■ Obviously, there are circumstances in which the on-premises personal activity is so removed from the employment as not to be reasonably anticipated by the employer. For instance, in *Robertson v. Express Container Corp.* 13 N.J. 342, 99 A.2d 649 (1953), a cleaning lady who normally ate lunch on the roof climbed higher on the roof to determine if a fire in a distant part of the city was still smoking. She fell from the roof and she was denied compensation. However, we cannot equate throwing away a small bit of trash in a receptacle provided for that purpose with the activity undertaken in *Robertson.* Circumstances of a purely personal nature that would reasonably be expected include eating lunch, going to the lavatory, drinking water, smoking, getting warm, getting cool, getting fresh air. *See, e.g.,* A. Larson, *supra,* at § 21.53; *Washington v. Glisson Masonry Corp.,* 49 O.I.C. 329 (1967); *Raven Red Ash Coal Co., Inc. v. Griffith,* 181 Va. 911, 27 S.E.2d 360 (1943). Those acts are generally covered as preparatory or incidental acts before and after clocking in or out. A. Larson, *supra,* at § 21.60; *Sisco v. Lawson,* 30 O.I.C. 33 (1948); *Kelly v. Friedman-Marks Clothing Co.,* 27 O.I.C. 100 (1948). Thus, the question presented here is whether the personal nature of the visit to the trash dumpster should be grounds to deny compensation.

We believe that an act of throwing away trash, even when done for purely personal convenience, is a normal act that necessarily arises during the workday. There is no suggestion in this case that the injury to Jones' leg would not have been compensable if she had already clocked in for work and went to the trash can to throw away her trash. Just as the employee in *Bradshaw* might have waited for a more opportune time to quench his thirst, Mrs. Jones might have picked another time to dispose of her trash. But just as the need to quench thirst existed at work, the need to dispose of trash did also. We believe both acts are routine occurrences during employment.

Here, the employer placed a trash receptacle so that it was available for anyone to use. The only reasonable inference is that it was for the disposal of the trash generated by the operation of

the restaurant, be it from the kitchen, customers, or employees.

We believe it was reasonable for the employer to expect employees to deposit small amounts of personal trash in receptacles provided for such purposes. The disposal of paper trash is an ordinary activity of life that takes place routinely at work or home and, in this era of drive-in and fast food restaurants, on the way to and from work. Here the trash being disposed of was of a type normally accumulated going to and from and at work, i.e., cigarette butts, potato chip bags and soda bottles. Thus, we find that the accident resulting in Mrs. Jones' injury arose out of and was in the course of her employment.

Furthermore, the slight deviation that occurred when Jones stepped over to the trash receptacle does not render her injury noncompensable. The Supreme Court has held on at least two occasions that employees need not follow the most direct route to their employment, even off-premises. For instance, in *Taylor v. Robertson*, 177 Va. 289, 13 S.E.2d 326 (1941), a salesman went home for supper while he was en route from a business site to his office. While on the detour and returning from supper, he was injured. Affirming the award of compensation to the salesman, the Court explained that employees do not become ineligible for compensation merely because they deviate from the direct path of their employment:

"Of course a servant is not required to return by air line from an errand performed, nor must he adopt the shortest practicable route. A detour in reason does not change his status, but an abrupt and unmistakable departure for some purpose of his own does. . . ."

*Id.* at 293-94, 13 S.E.2d 327 (quoting *Virginia Ice v. Coffin*, 166 Va. 154, 184 S.E. 214 (1936)). We find that Jones' deviation upon the driveway to the dumpster was insignificant.

Therefore, the decision of the Industrial Commission is reversed and this case is remanded to the commission for proceedings in accord with this opinion.

*Reversed and remanded.*

Cole, J., concurred.

Baker, J., dissenting.

I respectfully disagree with the finding of the majority that claimant sustained an injury which arose out of and in the course of her employment. There is no evidence that the subject trash receptacle was for the personal use or benefit of the employee in the performance of her work. I agree with the commission's assessment that the cause of claimant's injury was related to her "personal mission" and not to the performance of any duty owed her employer. Claimant was injured while returning from her side excursion, not while traveling from the parking lot provided by employer. The divergence distinguishes this case from the previously decided parking lot cases.

I would affirm the finding of the commission.