COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Willis and Bray
Argued at Norfolk, Virginia

B & F CONTRACTING CORPORATION and
 ROYAL INSURANCE COMPANY OF AMERICA

v.          Record No. 1762-94-1          MEMORANDUM OPINION[*] BY
                                          JUDGE RICHARD S. BRAY
JOSEPH F. BEITLER                              JUNE 13, 1995

        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        W. Glover Garner, Jr. (Marshall, Blalock & Garner,
        on briefs), for appellants.

        William M. McKee (Timothy T. Blank; Lowell A. Stanley,
        on brief), for appellee.


        B & F Contracting Corporation and Royal Insurance Company of

America (together "employer") challenge the commission's finding

that Joseph F. Beitler (claimant) suffered a compensable injury,

arguing that the evidence was insufficient to support the award.

 We disagree and affirm the decision of the commission.

        The parties are fully conversant with the record in this

case, and we recite only those facts necessary to explain our

holding.  Under familiar principles, we must consider the

evidence in the light most favorable to the prevailing party

below, claimant in this instance.  Crisp v. Brown's Tysons Corner

Dodge, Inc., 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986).

        "In order to recover on a workers' compensation claim, a

claimant must prove: (1) an injury by accident, (2) arising out

of and (3) in the course of his employment."  Kane Plumbing, Inc.

v. Small, 7 Va. App. 132, 135, 371 S.E.2d 828, 830 (1988); see

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Code § 65.2-101. An "injury by accident" requires "(1) an identifiable incident; (2) that occurs at some reasonably definite time; (3) an obvious sudden mechanical or structural change in the body; and (4) a causal connection between the incident and the bodily change." Chesterfield County v. Dunn, 9 Va. App. 475, 476, 389 S.E.2d 180, 181 (1990). "The phrase arising 'in the course of' refers to the time, place, and circumstances under which the accident occurred," while "arising 'out of' refers to the origin or cause of the injury." County of Chesterfield v. Johnson, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989).

Thus, the "mere happening of an accident at the workplace, not caused by any work related risk or significant work related exertion, is not compensable." Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 484, 382 S.E.2d 305, 306 (1989). A claimant must establish "that the conditions of the workplace or . . . some significant work related exertion caused the injury." Id. "The actual determination of causation is a factual finding that will not be disturbed on appeal," if supported by credible evidence. Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989); Code § 65.2-706. However, "[w]hether an injury arises out of and in the course of employment is a mixed question of law and fact . . . , reviewable on appeal." Jones v. Colonial Williamsburg Found., 8 Va. App. 432, 434, 382 S.E.2d 300, 301 (1989).

Here, claimant was clearing "trash" and "weeds" from

employer's "yard compound" in accordance with instructions. At 1:10 p.m., claimant moved a "large barrel," weighing "approximately 100 pounds," in order to access and remove surrounding weeds. Although claimant recalled no discomfort or other sensation incidental to this effort, his neck began "burning and feeling stiff" at "about" 2:30 p.m. Within an hour, claimant reported these symptoms to two supervisors, explaining to each that "he hurt himself moving the barrel." This evidence was corroborated by both superintendents in testimony before the commission.

Although claimant was initially diagnosed with "acute neck strain," a subsequent MRI revealed "a right sided disc herniation at the C5-6 level," with "a mildly bulging disc at the C3-4 level." In later correspondence, Dr. Richard McAdam, the treating neurosurgeon, opined that this pathology was "causally related" to the "lifting incident" with the barrel and consistent with the delayed onset of claimant's attendant symptoms.

Therefore, the testimony of claimant, his supervisors and Dr. McAdam, together with the other evidence before the commission, established that claimant suffered a sudden structural change in his cervical spine, while moving a weighty barrel on the premises of his employer incidental to his duties of employment. See Pence Nissan Oldsmobile v. Oliver, ___ Va. App. ___, ___, ___ S.E.2d ___, ___ (1995). Such evidence supported the commission's finding of compensable injury by accident and the related award.

Accordingly, we affirm the decision of the commission.

<u>Affirmed.</u>

MOON, C.J., dissenting.

I respectfully dissent because claimant's testimony at hearing did not describe an identifiable incident that constituted an "accident" within the meaning of that term in workers' compensation law.  See Morris v. Morris, 238 Va. 578, 385 S.E.2d 858 (1989).  He testified that he moved a barrel out of the way in order to cut weeds and that he then moved the barrel back into place.  He testified "I reached down, I grabbed the barrel, moved one side and then moved the other side, then cut the weeds down and then moved the barrel back in place."  He said that he felt "nothing."  This was at 1:00 p.m.  He continued to use the weed-eater.  He "got back to Newsome Park at 2:30 p.m."  He got ready to sit down and his neck "was burning" and got "real stiff."  He figured it was just a "stiff neck . . . from sleeping on it wrong."  He does not describe any "lifting" incident to support the doctor's conclusion that he sustained an injury by accident while lifting a barrel.  Because no credible evidence supports the commission's award, I would reverse it.