COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


ANHEUSER BUSCH COMPANY, INC.
AND
PACIFIC EMPLOYERS INSURANCE COMPANY        MEMORANDUM OPINION[*]
                                               PER CURIAM
v.   Record No. 2254-95-1                    MARCH 26, 1996

JOHN G. STEVENS, JR.


                              FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION
            (William C. Walker; Bradford C. Jacob;
            Taylor & Walker, on brief), for appellants.

            No brief for appellee.


     Anheuser Busch Company, Inc. and its insurer (hereinafter
collectively referred to as "employer") contend that the Workers'
Compensation Commission erred in finding that John G. Stevens
("claimant") sustained an injury by accident arising out of his
employment on July 6, 1994.  Upon reviewing the record and
employer's brief, we find that this appeal is without merit.
Accordingly, we summarily affirm the commission's decision.  Rule
5A:27.

     On appeal, we view the evidence in the light most favorable
to the prevailing party below.  R.G. Moore Bldg. Corp. v.
Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  A
finding by the commission that an injury did or did not arise out
of the employment is a mixed finding of law and fact and is

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

properly reviewable on appeal.  Jones v. Colonial Williamsburg Found., 8 Va. App. 432, 434, 382 S.E.2d 300, 301 (1989).  The phrase "arising out of" refers to the origin or cause of the injury.  County of Chesterfield v. Johnson, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989).  To prevail, claimant must "show that the conditions of the workplace . . . caused the injury."  Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 484, 382 S.E.2d 305, 306 (1989).

In ruling that claimant's injuries arose out of his employment, the commission found as follows:

> The claimant testified that he walked through an area of the plant where the concrete floors had just been hosed down.  This area adjoined the double doors which exited onto the platform where the claimant slipped.  As he approached the top step, both feet slipped out from under him, and he slid down four concrete steps with worn steel caps.  Although the company nurse did not detect any wetness on his shoe, she did not deny that the floor area leading to the platform had just been hosed down and was wet.

Claimant's testimony constitutes credible evidence to support the commission's factual findings.  Based upon these findings, the commission could reasonably conclude that

> in all likelihood the slip was related to the fact that the claimant had to walk across a wet concrete floor to reach the steps . . . [and] that the worn steel caps may have contributed to the fall, and that the extent of the injury was added to by the nature of the steps, which were concrete and steel.

The commission, in its role as fact finder, was entitled to give more weight to claimant's testimony than to the testimony of the

2

company nurse.

"Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." <u>Hawks v. Henrico County Sch. Bd.</u>, 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988). Here, the evidence supported an inference that conditions of the work place, i.e., the wet concrete floor and the worn steel caps, caused claimant's injuries.

Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>