COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Coleman and Bray
Argued at Norfolk, Virginia


PHILIP MORRIS USA, ET AL.

MEMORANDUM OPINION[*] BY

v.          Record No. 2920-95-1          JUDGE RICHARD S. BRAY
JULY 9, 1996

BRENDA JEAN ARMSTEAD


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Thomas Jackson Mitchell (Hunton & Williams,
on briefs), for appellants.

Gerald G. Poindexter (Poindexter & Brown, on
brief), for appellee.


Philip Morris USA (employer) appeals a decision of the
Workers' Compensation Commission (commission) awarding Brenda
Jean Armstead (claimant) temporary total disability benefits.  On
appeal, employer contends that claimant failed to prove an injury
which "arose out of her employment."  We disagree and affirm the
commission.

The parties are fully conversant with the record, and we
recite only those facts necessary to a disposition of this
appeal.  Under familiar principles, we construe the evidence in
the light most favorable to the party prevailing below, claimant
in this instance.  Crisp v. Brown's Tysons Corner Dodge, Inc., 1
Va. App. 503, 504, 339 S.E.2d 916, 916 (1986).

"In order to recover on a workers' compensation claim, a

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

claimant must prove: (1) an injury by accident, (2) arising out of and (3) in the course of his employment." Kane Plumbing, Inc. v. Small, 7 Va. App. 132, 135, 371 S.E.2d 828, 830 (1988); see Code § 65.2-101. "The phrase arising 'in the course of' refers to the time, place, and circumstances under which the accident occurred," while "arising 'out of' refers to the origin or cause of the injury." County of Chesterfield v. Johnson, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989). Thus, the "mere happening of an accident at the workplace, not caused by any work related risk or significant work related exertion, is not compensable." Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 484, 382 S.E.2d 305, 306 (1989). A claimant must establish "that the conditions of the workplace or . . . some significant work related exertion caused the injury." Id. Injury resulting from the "mere act" of bending over is not compensable. Id.

"The actual determination of causation is a factual finding that will not be disturbed on appeal," if supported by credible evidence. Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989); see Code § 65.2-706. However, "[w]hether an injury arises out of and in the course of employment is a mixed question of law and fact . . . , reviewable []on appeal." Jones v. Colonial Williamsburg Found., 8 Va. App. 432, 434, 382 S.E.2d 300, 301 (1989).

The record discloses that claimant had been employed as a "Manufacturing Technician I" for approximately fifteen years

prior to the subject injury on October 11, 1994.  Her duties included "unfold[ing and assembling] corrugated boxes."  She testified that "when [she] went down [to lift a box, she] felt this discomfort, but when [she] came up with the box in [her] hand [she] knew [she] had hurt [her] back."  Claimant thereafter sought medical attention, and Dr. E. Claiborne Irby, Jr., an orthopedic surgeon, diagnosed a "lumbar strain," recording that claimant "injured herself at work . . . when she bent over to pick up a large box and hurt her back."

The commission found that there was "little reliable evidence that [claimant] experienced low back pain as she bent forward, and before actually lifting the box," noting that claimant "describe[d] one movement of bending forward, grasping the box, and experiencing at least the most severe pain as she was straightening it with her hand."  The commission thus concluded that the record "sufficiently establishe[d] that the injury occurred as the claimant was lifting the heavy box."

The commission's factual finding that claimant's back injury was caused by lifting the box is consistent with her testimony[1]

_____

[1]Employer cites <u>Massie v. Firmstone</u>, 134 Va. 450, 114 S.E. 652 (1922), in support of its assertion that claimant's evidence is limited by her testimony that the injury occurred when bending to lift the box.  However, "[t]he doctrine . . . does not apply 'to an adverse statement standing in isolation from the litigant's testimony as a whole.'"  <u>Norfolk and Western Ry. v. Chittum</u>, 251 Va. 408, 413, 468 S.E.2d 877, 880 (1996) (citation omitted).  "'[A] damaging statement made in one part of [a litigant's] testimony must be considered in the light of an explanation of such statement made in a later part of [her] testimony . . . .  And it is generally for the [fact finder] to determine whether it will accept such explanation or

and the medical evidence and is otherwise supported in the record.  Accordingly, we affirm the decision of the commission that claimant's injury "arose out of her employment."

Affirmed.

---

clarification.'"  Id. (citation omitted).