COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


CHARLES CITY COUNTY PUBLIC WORKS AND
 VIRGINIA MUNICIPAL GROUP
 SELF-INSURANCE ASSOCIATION,
 VML INSURANCE PROGRAMS                   MEMORANDUM OPINION[*]
                                              PER CURIAM
v.   Record No. 2729-96-2                 FEBRUARY 25, 1997

JOHN THOMAS WILLIAMS, JR.


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               (Ralph L. Whitt, Jr.; Mark M. Caldwell, III;
               Sands, Anderson, Marks & Miller, on brief),
               for appellants.

               (Charles A. Gavin; White, Blackburn & Conte,
               P.C., on brief), for appellee.


     Charles City County Public Works and its insurer

(hereinafter collectively referred to as "employer") contend that

the Workers' Compensation Commission erred in (1) finding that

John Thomas Williams, Jr. proved that he sustained an injury by

accident arising out of his employment on February 2, 1996; and

(2) reversing the deputy commissioner's credibility

determination.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

5A:27.

<hr>

       [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

A finding by the commission that an injury did or did not arise out of the employment is a mixed finding of law and fact and is properly reviewable on appeal. Jones v. Colonial Williamsburg Found., 8 Va. App. 432, 434, 382 S.E.2d 300, 301 (1989). The phrase "arising out of" refers to the origin or cause of the injury. County of Chesterfield v. Johnson, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989). To prevail, the employee must "show that the conditions of the workplace . . . caused the injury." Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 484, 382 S.E.2d 305, 306 (1989). "'[C]ontortions of the body' to perform a job task is a hazard of the workplace." Grove v. Allied Signal, Inc., 15 Va. App. 17, 22, 421 S.E.2d 32, 35 (1992) (citation omitted).

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Based on evidence in the record, the commission found that Williams was positioned under a desk when he reached up in an awkward position to hand his supervisor a heater cover and felt a "pop" in his back. The commission found that shortly after the "pop," Williams attempted to rise and felt excruciating pain, which he immediately reported to his employer. The commission also found that Dr. Irby's report provided the causal connection between the injury that Williams suffered and the surgery. In rendering its

decision, the commission "reviewed the transcript, the recorded statement, and the medical records."

The commission, in its role as fact finder, was entitled to accept Williams' testimony and Dr. Irby's opinion. Williams' testimony, and Dr. Irby's opinion, constitute credible evidence to support the commission's findings. Williams' employment required that he assume an awkward position under the desk, remove the heater cover, hand it to his co-worker, and then extricate himself from his position under the desk. This evidence established that Williams' injury was causally connected to the manner in which he was required to perform his work and flowed from his employment as a rational consequence. Factual findings made by the commission will be upheld on appeal if supported by credible evidence. James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

## II.

Employer contends that the full commission arbitrarily overturned the deputy commissioner's credibility determination and failed to articulate a sufficient basis for its conclusion. That argument lacks merit.

> The principle set forth in [Goodyear Tire & Rubber Co. v.] Pierce[, 5 Va. App. 374, 383, 363 S.E.2d 433, 438 (1987),] does not make

the deputy commissioner's credibility
findings unreviewable by the commission.
Rather, it merely requires the commission to
articulate its reasons for reversing a
specific credibility determination of the
deputy commissioner when that determination
is based upon a recorded observation of
demeanor or appearance of a witness.  In
short, the rule in Pierce prevents the
commission from arbitrarily disregarding an
explicit credibility finding of the deputy
commissioner.

Bullion Hollow Enters., Inc. v. Lane, 14 Va. App. 725, 729, 418

S.E.2d 904, 907 (1992).

Upon a review of the deputy commissioner's decision, we do

not find a "specific recorded observation" concerning any

witness' demeanor or appearance related to a credibility

determination.  The deputy commissioner merely concluded from the

evidence before him that Williams had not met his burden of

proof.  "Absent a specific, recorded observation regarding the

behavior, demeanor or appearance of [the witnesses], the

commission had no duty to explain its reasons for . . .

[accepting Williams' version of events]."  Id.  Moreover, the

commission's opinion clearly shows that it weighed all of the

evidence, including the recorded statement, the medical records,

and the witnesses' testimony in rendering its decision.

For these reasons, we affirm the commission's decision.

                                        Affirmed.

- 4 -