COURT OF APPEALS OF VIRGINIA

Present: Judges Bray, Annunziata and Overton

MEDICAL COLLEGE OF VIRGINIA
 SCHOOL OF DENTISTRY

                                        MEMORANDUM OPINION*
v.   Record No. 0247-97-2                   PER CURIAM
                                          JUNE 17, 1997
BARBARA A. HAWKINS

            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (James S. Gilmore, III, Attorney General;
                Gregory Lucyk, Senior Assistant Attorney
                General; Ingrid E. Olson, Assistant Attorney
                General, on brief), for appellant.

                (T. Andrew Lingle, on brief), for appellee.


     Medical College of Virginia School of Dentistry (employer)
appeals a decision of the Workers' Compensation Commission
(commission) awarding benefits to Barbara A. Hawkins (claimant).
 Employer contends that the commission erred in finding that
claimant proved that she sustained an injury by accident arising
out of her employment on December 11, 1995.  Finding no error, we
affirm.

     On appeal, we view the evidence in the light most favorable
to the prevailing party below.  See R.G. Moore Bldg. Corp. v.
Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  A
finding by the commission that an injury did or did not arise out
of the employment is a mixed finding of law and fact and is
properly reviewable on appeal.  See Jones v. Colonial

────────────────
        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Williamsburg Found., 8 Va. App. 432, 434, 382 S.E.2d 300, 301 (1989).  The phrase "arising out of" refers to the origin or cause of the injury.  See County of Chesterfield v. Johnson, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989).  To prevail, claimant must "show that the conditions of the workplace . . . caused the injury."  Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 484, 382 S.E.2d 305, 306 (1989).

In holding that the back injury claimant sustained when she bent over to retrieve paper from a cabinet arose out of her employment, the commission made the following factual findings:

> Here, claimant was required to perform her job duties in a limited workspace.  She had to twist to move dental instruments through different phases of sterilization.  As a final step, the claimant was required to wrap the instruments in disposable paper.  This paper was located in a cabinet on the bottom shelf, and she had to twist and bend in order to retrieve it.  The claimant maintained this awkward position in order to accomplish an employment-related task.  She was in this position due to the confined work area and the location of the cabinet.

Claimant's testimony constitutes credible evidence to support the commission's factual findings.  Thus, these findings are binding and conclusive upon us.  Based upon these findings, the commission could reasonably conclude that claimant's injury arose from an actual risk occasioned by her work environment.  The commission, in its role as fact finder, was entitled to give more weight to claimant's testimony than to the testimony of claimant's supervisor, Teresa Duke, who did not witness the

actual mechanics of claimant's injury.  Moreover, "[t]he fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding."  Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

For these reasons, we affirm the commission's decision.

Affirmed.

Annunziata, J., dissenting.

Claimant testified that she felt a "funny pull in [her] back," when she bent over at the waist and reached to get the "blue wrap," which was kept inside a cabinet. Claimant's attorney asked claimant the following question: "And at the time you felt that pain were you twisting or bending at all?" Claimant responded: "I was bent over." Only after further leading questions from her counsel did claimant state that she had to turn to her right. Claimant never testified, however, that she twisted to her right <u>as she bent</u> to retrieve the "blue wrap." In addition, claimant signed and certified as true an accident report which revealed that she was bending over and was not twisting or carrying any weight at the time of her injury. Dr. O.T. Graham, who began treating claimant on December 13, 1995, recorded the following history: "Just [b]ent over to get blue wrap in the bottom of the cabinets and hurt low back."

Claimant's supervisor, Teresa Duke, testified that claimant did not have anything in her hands and the cabinet door was not yet open when the injury occurred. Duke noted that based upon the placement of claimant's feet at the time of the injury, she did not believe that claimant had twisted to reach her position.

The simple act of bending over is a hazard to which all people are exposed and, absent a finding that claimant was involved in a significant exertion, awkward position, or other employment-related hazard, she is not entitled to an award of

4

compensation benefits.  See Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 484, 382 S.E.2d 305, 306 (1989).  "The mere happening of an accident at the workplace, not caused by any work related risk or significant work related exertion, is not compensable."  Id.

Based upon this record, I find that no credible evidence proved that claimant engaged in any significant exertion, that her action of bending involved any awkward position, or that any condition or hazard peculiar to her workplace caused her injury, aside from the usual act of bending to pick up a piece of paper.

For these reasons, I would reverse the commission's decision awarding benefits to claimant.