COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Annunziata and Overton

HELP WELDING AND MECHANICAL CORPORATION
AND
SELECTIVE INSURANCE COMPANY OF AMERICA

MEMORANDUM OPINION[*]

v.    Record No. 1847-97-2               PER CURIAM
                                      FEBRUARY 10, 1998

LARRY WILSON CHITTY

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Cecil H. Creasey, Jr.; Sands, Anderson,
Marks & Miller, on brief), for appellants.

(Louis D. Snesil, on brief), for appellee.


Help Welding and Mechanical Corporation and its insurer
(hereinafter referred to as "employer") contend that the Workers'
Compensation Commission erred in finding that Larry W. Chitty
(claimant) proved that (1) he sustained an injury by accident
arising out of his employment on August 11, 1996; (2) his average
weekly wage was $1,193.37; and (3) he was not obligated to market
his residual capacity.  Upon reviewing the record and the briefs
of the parties, we conclude that this appeal is without merit.
Accordingly, we summarily affirm the commission's decision.  See
Rule 5A:27.

I.

On appeal, we view the evidence in the light most favorable
to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). A finding by the commission that an injury did or did not arise out of the employment is a mixed finding of law and fact and is properly reviewable on appeal. See Jones v. Colonial Williamsburg Found., 8 Va. App. 432, 434, 382 S.E.2d 300, 301 (1989). The phrase "arising out of" refers to the origin or cause of the injury. See County of Chesterfield v. Johnson, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989). To prevail, claimant must "show that the conditions of the workplace . . . caused the injury." Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 484, 382 S.E.2d 305, 306 (1989).

In ruling that claimant's injuries arose out of his employment, the commission found as follows:

> The claimant is a 54-year-old welder who works for his own corporation. On August 11, 1996, he was climbing down from a truck bed some 39 inches above the ground. The claimant was attempting to step down from the truck bed to a step some 18 inches below the bed. He could not explain exactly how he missed the step and fell to the ground. However, it is clear from the claimant's description of the episode that the step was somewhat obscured from his view. We find upon Review, as did the Deputy Commissioner, that missing the step, under these circumstances, was a risk of the employment. The fall itself and the resulting low back injury and left arm fracture are not contested.

Claimant's testimony constitutes credible evidence to support the commission's factual findings. "Where reasonable inferences may be drawn from the evidence in support of the

2

commission's factual findings, they will not be disturbed by this Court on appeal." Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988). Here, the evidence supported an inference that conditions of the workplace, i.e., the height of the truck bed from the first step and the step's obscure location, caused claimant's injuries.

## II.

"It was the duty of the commission to make the best possible estimate of . . . impairments of earnings from the evidence adduced at the hearing, and to determine the average weekly wage . . . ." Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 441, 339 S.E.2d 570, 573 (1986). "This is a question of fact to be determined by the Commission which, if based on credible evidence, will not be disturbed on appeal." Id. "Thus, if credible evidence supports the commission's findings regarding the claimant's average weekly wage, we must uphold those findings." Chesapeake Bay Seafood House v. Clements, 14 Va. App. 143, 146, 415 S.E.2d 864, 866 (1992).

The commission's calculation of claimant's average weekly wage was based upon his 1995 earnings as reflected on his W-2 form and claimant's testimony that his wages in 1996 were approximately the same as those in 1995. No evidence contradicted claimant's testimony. The 1995 W-2 form, coupled with claimant's testimony, constitutes credible evidence to support the commission's calculation of claimant's average weekly

wage.

III.

Employer contends that claimant failed to prove that he made a reasonable effort to market his residual capacity after his accident, and therefore, the commission erred in awarding him temporary total disability benefits for the periods alleged. In ruling upon this issue, the commission found as follows:

> [T]his argument is based upon the assumption that [claimant] could perform light work, as evidenced by his limited services to his corporation during the period August 11 through September 30, 1996. We find no medical release to return to light work with specific restrictions. Neither is there a duty on the claimant to obtain work with his business which can be performed by other employees. This would result only in some increased earnings for the corporation, at most, and there is no evidence that it would have any bearing on payment for his services. The claimant's salary, which is paid by the corporation, establishes his average weekly wage. The gross receipts or net earnings is an entirely separate matter and reflects business conditions, the solvency of the corporation, return on investments, and other business considerations.

The commission's findings are supported by the opinion of the treating orthopedic surgeon, Dr. John W. Ayers, II. Dr. Ayers opined that claimant was totally disabled during the period in question. In addition, we find no support in the record or in the case law for the proposition that in order for a totally disabled business owner to be entitled to an award of temporary total disability benefits, he must hire employees to continue his business during his incapacity. Based upon this record, the commission did not err in finding that claimant had no obligation

5

to market his residual capacity.

For the reasons stated, we affirm the commission's decision.

Affirmed.
