COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Annunziata and Frank


A C M AND
 ST. PAUL GUARDIAN INSURANCE CO.

MEMORANDUM OPINION*
v.   Record No. 1500-99-2            PER CURIAM
                                  FEBRUARY 22, 2000
ISABEL MARTINEZ


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (R. Ferrell Newman; Thompson, Smithers,
          Newman, Wade & Childress, on brief), for
          appellants.

          (Jeremy C. Sharp; Geoffrey R. McDonald &
          Associates, on brief), for appellee.


     A C M and its insurer (hereinafter referred to as

"employer") contend that the Workers' Compensation Commission

(commission) erred in finding that Isabel Martinez (claimant)

proved that she sustained an injury by accident arising out of

her employment on October 9, 1997.  Upon reviewing the record

and the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.

     On appeal, we view the evidence in the light most

favorable to the prevailing party below.  See R.G. Moore Bldg.

Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

(1990).  A finding by the commission that an injury did or did not arise out of the employment "is a mixed question of law and fact and is, thus, reviewable on appeal."  Jones v. Colonial Williamsburg Found., 8 Va. App. 432, 434, 382 S.E.2d 300, 301 (1989).  The phrase "arising out of" refers to the origin or cause of the injury.  County of Chesterfield v. Johnson, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989).  To prevail, claimant must "show that the conditions of the workplace . . . caused the injury."  Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 484, 382 S.E.2d 305, 306 (1989).

Claimant testified that on October 9, 1997, she fell while ascending aluminum steps outside a trailer where employer stored cleaning materials that claimant needed in order to perform her work.  It had rained approximately one hour before the accident and, according to claimant's undisputed testimony, the steps were wet from the rain, which caused her to slip and fall.  She specifically stated, "Yes, they was wet, that is why I slipped on it."

The surface of each stair was covered with holes punched up from underneath, which created a raised jagged surface. However, there were no holes within one inch of the front edge of the stair where the tread met the riser.  Claimant stated that she had not placed her entire foot on the stair's tread, but rather just the front part of the bottom of her foot was on the edge of the stair when her foot slipped, causing her to

2

strike her knee on the stair and fall backwards injuring her back and knee.

Claimant's testimony constitutes credible evidence to support the commission's findings that the claimant "slipped on wet stairs, and her injury therefore arises out of her employment." It was the nature of claimant's employment that placed her on the wet steps, which resulted in her fall. In other words, credible evidence proved that the conditions of the workplace, i.e., the wet stairs, caused the claimant's injury.

Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>