COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Humphreys and Retired Judge Duff[*]


CPF CORPORATION AND
 SAFEGUARD INSURANCE COMPANY

                                   MEMORANDUM OPINION[**]
v.    Record No. 0768-01-4         PER CURIAM
                                   JULY 31, 2001
ROBERT L. BENBOW


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Heather K. Bardot; Trichilo, Bancroft,
              McGavin, Horvath & Judkins, P.C., on brief),
              for appellants.

              (James F. Green; Ashcraft & Gerel, LLP., on
              brief), for appellee.


     CPF Corporation and its insurer (hereinafter referred to as

"employer") contend that the Workers' Compensation Commission

erred in finding that Robert L. Benbow proved (1) he sustained

an injury by accident arising out of his employment on August

19, 1999; and (2) he sustained disability from August 19, 1999

through May 14, 2000 causally related to the August 19, 1999

injury by accident.  Upon reviewing the record and the briefs of

the parties, we conclude that this appeal is without merit.

_____

     [*] Retired Judge Charles H. Duff took part in the
consideration of this case by designation pursuant to Code
§ 17.1-400(D).

     [**] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Accordingly, we summarily affirm the commission's decision.  See Rule 5A:27.

## I.  Injury by Accident

"To recover benefits, the claimant must establish by a preponderance of the evidence that he suffered an injury by accident 'arising out of and in the course of [his] employment,' and 'that the conditions of the workplace . . . caused the injury.'"  Falls Church Const. Corp. v. Valle, 21 Va. App. 351, 359-60, 464 S.E.2d 517, 522 (1995) (citations omitted).  A finding by the commission that an injury did or did not arise out of the employment "is a mixed question of law and fact and is, thus, reviewable on appeal."  Jones v. Colonial Williamsburg Found., 8 Va. App. 432, 434, 382 S.E.2d 300, 301 (1989).  The phrase "arising out of" refers to the origin or cause of the injury.  County of Chesterfield v. Johnson, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989).  Plumb Rite Plumbing Service v. Barbour, 8 Va. App. 482, 484, 382 S.E.2d 305, 306 (1989).

On appeal, we view the evidence in the light most favorable to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  In ruling that Benbow proved he sustained a compensable injury by accident to his back on August 19, 1999, while lifting a soap container, the commission found as follows:

> [W]e are cognizant that the claimant
> appeared at first to indicate that he may

- 2 -

have merely been bending when he felt the pain; however, in subsequent questioning by the deputy commissioner he indicated having lifted the container. We also note that his pro se Claim for Benefits form also indicates an injury while lifting a 50-gallon jug by himself. The medical records prior to August 25, 1999, do not indicate any low back or leg symptoms. It is on this date that a sudden numbness and ataxia in both legs with low back pain was first noted, as well as a bilateral limp. In the September 14, 1999, note a specific incident while lifting a 50-pound barrel is also mentioned. Dr. [Michael W.] Dennis likewise in his first examination refers to an injury while doing heavy lifting. Dr. Dennis also has indicated that the claimant had a low back injury as a result of a work injury. When the evidence is considered in light of the claimant's somewhat rambling and inarticulate testimony, and the finding by the deputy commissioner, who had an opportunity to observe the witnesses, we find that a compensable injury by accident on August 19, 1999, while lifting a soap container has been established.

Evidence the commission found to be credible, including Benbow's testimony, which was corroborated by his pro se Claim for Benefits Form and the medical histories, amply supports the commission's finding. As fact finder, the commission was entitled to weigh Benbow's testimony, the substance of the Claim for Benefits Form he completed, and the content of the medical histories. Upon that evidence, the commission could conclude that Benbow proved he sustained an injury to his lower back while lifting the soap container. In other words, credible evidence proved that a condition of the workplace, which existed

- 3 -

in the course of claimant's employment, i.e., lifting the soap container, caused his injury.

## II.  Disability

Dr. Dennis began treating Benbow on October 4, 1999.  In his April 19, 2000 response to written questions, Dr. Dennis opined that the August 19, 1999 work injury caused Benbow's low back condition and that Benbow was disabled as a result of that condition.  In response to an additional question whether Benbow's work-related low back injury in and of itself was totally disabling, Dr. Dennis replied "yes."  Dr. Dennis last examined Benbow on March 6, 2000 and instructed him to return in six weeks.

The commission was entitled to accept Dr. Dennis's opinions and to reject the opinion of Dr. Bruce Ammerman, who did not examine Benbow before May 15, 2000.  "Medical evidence is . . . subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991).  "Questions raised by conflicting medical opinions must be decided by the commission."  Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).  "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding."  Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).  Dr. Dennis's

- 4 -

opinions constitute credible evidence to support the commission's finding that Benbow was totally disabled from August 19, 1999 through May 14, 2000, as a result of the August 19, 1999 injury by accident.

For these reasons, we affirm the commission's decision.

Affirmed.