COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Frank and Agee
Argued at Chesapeake, Virginia


FAS MART, INC. AND
 CONNECTICUT INDEMNITY COMPANY

                                    MEMORANDUM OPINION* BY
v.    Record No. 1309-01-1          JUDGE RICHARD S. BRAY
                                      DECEMBER 4, 2001
GAIL R. FOX


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        Douglas A. Seymour (Siciliano, Ellis, Dyer &
        Boccarosse, on brief), for appellants.

        T. Gregory Evans (Joynes & Gaidies Law Group,
        P.C., on brief), for appellee.


        Fas Mart, Inc. and Connecticut Indemnity Company

(collectively employer) appeal a decision of the Workers'

Compensation Commission (commission) awarding benefits under the

Workers' Compensation Act (Act) to Gail R. Fox (claimant).

Employer complains the commission erroneously determined that

claimant's injury arose "out of the employment."  We disagree

and affirm the decision.

        The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.  On appeal, we view the evidence in

the light most favorable to the party prevailing below, claimant

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

in this instance.  See Crisp v. Brown's Tysons Corner Dodge, Inc., 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986).  Factual findings by the commission, supported by credible evidence, are conclusive and binding upon this Court on appeal.  See Rose v. Red's Hitch & Trailer Servs., 11 Va. App. 55, 60, 396 S.E.2d 392, 395 (1990).

"In order to recover on a workers' compensation claim, a claimant must prove: (1) an injury by accident, (2) arising out of and (3) in the course of his employment."  Kane Plumbing, Inc. v. Small, 7 Va. App. 132, 135, 371 S.E.2d 828, 830 (1988); see Code § 65.2-101.  "The phrase arising 'in the course of' refers to the time, place, and circumstances under which the accident occurred," while "arising 'out of' refers to the origin or cause of the injury."  County of Chesterfield v. Johnson, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989).

"The mere happening of an accident at the workplace, not caused by any work related risk or significant work related exertion, is not compensable."  Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 484, 382 S.E.2d 305, 306 (1989).  A claimant must establish "that the conditions of the workplace or . . . some significant work related exertion caused the injury." Id.  Thus, "the arising out of test excludes 'an injury which comes from a hazard to which the employee would have been equally exposed apart from the employment.  The causative danger must be peculiar to the work, incidental to the character of the

-

business, and not independent of the master-servant relationship.'"  Johnson, 237 Va. at 183-84, 376 S.E.2d at 75 (quoting United Parcel Service v. Fetterman, 230 Va. 257, 258-59, 336 S.E.2d 892, 893 (1985)).

"The actual determination of causation is a factual finding that will not be disturbed on appeal," if supported by credible evidence.  Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989); see Code § 65.2-706.  However, "[w]hether an injury arises out of and in the course of employment is a mixed question of law and fact . . . , reviewable upon appeal."  Jones v. Colonial Williamsburg Found., 8 Va. App. 432, 434, 382 S.E.2d 300, 301 (1989).

Here, claimant, assistant manager of a convenience store operated by employer, was required to retrieve a business-related "report" from a computer printer, then located "behind the registers" on "the lower shelf" of an "enclosed" cabinet, "approximately four to eight inches . . . [o]ff the floor."  At the time of the injury, the printer malfunctioned, as happened "occasionally," and, to "figure out where the jam was" and remedy the problem, claimant had to "kneel down," "lean[] forward into the cabinet," and, with "[p]art of one shoulder" inside, "reach behind . . . the printer . . . to get the paper and . . . load it up the correct way."  After "[a]pproximately five minutes" in the undertaking, claimant

-

"went to stand up" and "felt a pop" in her "lower back,"
resulting in a sudden injury that required surgical intervention
to remediate.

> the claimant was injured while rising after
> kneeling and reaching for five minutes.
> . . . [T]he incident causing injury
> involved straightening after being in an
> awkward position for a significant time.  We
> agree with the Deputy Commissioner that the
> injury arose out of the employment.

The commission's factual findings are supported by the record
and properly establish an injurious activity arising from a
work-related risk, compensable under the Act.  Compare Southside
Va. Training Center/Com. v. Ellis, 33 Va. App. 824, 829, 537
S.E.2d 35, 37 (2000) (denying compensation resulting from
"bending to pick up a tray," a movement "neither unusual,
awkward, nor something that employee was required to do on a
repetitive basis"), with Richard E. Brown, Inc. v. Caporaletti,
12 Va. App. 242, 245, 402 S.E.2d 709, 711 (1991) (finding
"cutting and fitting" motions of employee, while leaning over
during installation of a furnace, a condition of employment with
attendant risk of injury), and Bassett-Walker, Inc. v. Wyatt, 26
Va. App. 87, 93-94, 493 S.E.2d 384, 387-88 (1997) (en banc)
(finding "deep knee-bend[ing]" and "squatting" necessary to load
yarn on "knitting machines" was work-related duty exposing
employee to risk of injury).

-

Accordingly, the commission correctly concluded the subject injury arose from claimant's employment, and we affirm the related award.

<u>Affirmed.</u>