**Salem**

PLUMB RITE PLUMBING SERVICE, et al.

v.

ROBERT O. BARBOUR

No. 1629-88-3

Decided July 25, 1989

COUNSEL

Bevin R. Alexander, Jr. (Edmunds & Williams, on brief), for appellant.

Robert E. Evans, for appellee.

OPINION

**MOON, J.**—Plumb Rite Plumbing Service seeks reversal of an award in favor of Robert Barbour who sustained an acute lumbosacral strain while working on a shower stall within the scope of his employment as a plumber. We reverse the award because the evidence was, as a matter of law, insufficient to show that the strain arose out of the employment.

In order to be compensable, an injury must not only occur within the course of the employment but must also arise out of the employment; the injury must be caused by the conditions of the workplace. Whether an injury arises out of the employment is a mixed question of law and fact and is reviewable by the appellate court. *Park Oil v. Parham*, 1 Va. App. 166, 168, 336 S.E.2d 531, 532 (1985).

The relevant facts are not in dispute. On January 25, 1988, after working for one and a half hours, Barbour bent over to pick up a piece of plastic pipe. While bending, and before touching or picking up the pipe, he felt a sudden pain in his back.

On February 8, Barbour went to Physician's Treatment Center for pain he was experiencing in his back. The doctor diagnosed an acute lumbosacral strain. On February 22, Barbour went to Dr. Jacques Botton, a neurosurgeon, who concluded that Barbour "may have sprained his back and possibly even have a disc problem." The report of a CT scan stated as "impressions" a "focal left sided disc herniated L4-5." Dr. Botton reported that the incident at work appeared to be the sole cause for Barbour's injury and his period of disability. Significantly, Dr. Botton testified that a disc herniation could result from merely bending. In response to a question as to whether an individual had to be lifting something heavy in order to suffer this kind of injury, Dr. Botton responded: "No, it is not necessary, he can injure it in many other ways than heavy lifting."

The full commission's decision came between this court's opinion in *Johnson v. Chesterfield County*, 5 Va. App. 15, 359 S.E.2d 833 (1987) and the Supreme Court's decision reversing that case at 237 Va. 180, 376 S.E.2d 73 (1989). Johnson, a water plant operator, was ascending stairs wearing heavy steel plated shoes. He decided to descend the stairs and twisted to make the descent. At that point his knee gave way and he was injured as a result of the knee giving way, not as a result of a defect in the stairs or the result of a fall on the stairs. The Supreme Court stated:

> There was nothing unusual about or wrong with steps at Johnson's workplace. Further, Johnson was not injured by climbing or descending the stairs. The stairs had nothing to do with his injury. He was injured by the mere act of turning.

*Id.* at 186, 376 S.E.2d 76.

We interpret the Supreme Court's decision in *Johnson* to require a claimant to show that the conditions of the workplace or that some significant work related exertion caused the injury. The mere happening of an accident at the workplace, not caused by any work related risk or significant work related exertion, is not compensable.

Therefore, we hold that Mr. Barbour's injury which resulted from merely bending over is not compensable. Accordingly, the award of the Industrial Commission is reversed and the claim dismissed.

*Reversed.*

Baker, J., and Moon, J., concurred.