COURT OF APPEALS OF VIRGINIA


Present: Judges Baker, Elder and Fitzpatrick


JOHN M. HACKETT

v.        Record No. 0666-95-2        MEMORANDUM OPINION*
                                      PER CURIAM
ACE ELECTRIC COMPANY                  OCTOBER 17, 1995
AND
FEDERATED MUTUAL INSURANCE COMPANY


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        (Robert L. Flax; Flax, Embrey & Stout, on brief),
    for appellant.

        (Robert M. McAdam; M. Scott Fell; Wooten & Hart, P.C.,
        on brief), for appellees.


    The sole issue on this appeal is whether the Workers'

Compensation Commission (commission) erred in finding that John

M. Hackett (claimant) failed to prove that he sustained an injury

by accident arising out of his employment on October 13, 1993.

Upon reviewing the record and the briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  Rule 5A:27.

    On appellate review, we construe the evidence in the light

most favorable to the party prevailing below.  R.G. Moore Bldg.

Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788

(1990).  To recover benefits, claimant must establish that he

suffered an injury by accident "arising out of and in the course

of his employment," Code § 65.2-101, and "that the conditions of

_____
        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the workplace or some significant work-related exertion caused the injury." Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 484, 382 S.E.2d 305, 306 (1989). "The phrase arising 'out of' refers to the origin or cause of the injury." County of Chesterfield v. Johnson, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989). "Whether an injury arises out of the employment is a mixed finding of law and fact and is reviewable by the appellate court." Plumb Rite, 8 Va. App. at 483, 382 S.E.2d at 305. However, unless we conclude that claimant proved, as a matter of law, that his employment caused his injury, the commission's finding is binding and conclusive on appeal. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The commission ruled that claimant's knee injury did not arise out of a risk or hazard of his employment. In so ruling, the commission stated:

> [T]he claimant's work activity did not contribute in any significant way to the injury. He was not required to squat for a prolonged period of time. He was not working in an awkward position, and there was no significant exertion involved. The tools he was carrying did not affect his balance.

The evidence showed that claimant did not engage in any significant exertion, his action of squatting to measure the conduit did not involve an awkward position, nor did any condition peculiar to his workplace cause his injury. Although claimant was performing a work-related activity when the injury occurred, no condition of the workplace or additional exertion

2

necessitated by work caused the injury.  We are, therefore,

unable to find that claimant proved as a matter of law that his

injury arose out of his employment.

    For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>