COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Benton and Coleman

JEFFREY MITCHELL WEAKLEY

v.        Record No. 1294-95-2            MEMORANDUM OPINION[*]
                                          PER CURIAM
T. A. GEER & SONS, INC.                   OCTOBER 31, 1995
AND
LIBERTY MUTUAL INSURANCE COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (V. R. Shackelford, III; Shackelford, Honenberger,
                Thomas, Willis & Gregg, on brief), for appellant.

                (Susan A. Evans; Siciliano, Ellis, Dyer & Boccarosse,
                on brief), for appellees.


        Jeffrey Mitchell Weakley contends that the Workers'

Compensation Commission erred in finding that he failed to prove

an injury by accident arising out of his employment on

July 11, 1994. Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.

Rule 5A:27.

        On appeal, we construe the evidence in the light most

favorable to the prevailing party below. R.G. Moore Bldg. Corp.

v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). To

recover benefits, Weakley must establish that he suffered an

injury by accident "arising out of and in the course of his

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

employment."  Code § 65.2-101.  "The phrase arising 'out of' refers to the origin or cause of the injury."  County of Chesterfield v. Johnson, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989).

"Whether an injury arises out of the employment is a mixed finding of law and fact and is reviewable by the appellate court."  Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 483, 382 S.E.2d 305, 305 (1989).  However, unless we conclude that Weakley proved, as a matter of law, that his employment caused his injury, the commission's finding is binding and conclusive on appeal.  Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The commission denied Weakley's application on the ground that his neck injury did not arise out of a risk or hazard associated with his employment.  In so ruling, the commission found as follows:

> [Weakley] described merely the simple act of turning his head slightly to observe another employee.  He did not describe or allege an awkward movement or one that required especial exertion that could be attributed to his work.  We attach no significance to the slightly "upright" position about which he testified, since the physicians did not comment about it in their medical notes.  We presume the physicians did not consider it pertinent to the etiology of injury, or that [Weakley] did not communicate that fact to the physicians, presumably because he considered it irrelevant, at least until the hearing.

Although Weakley was performing a work-related activity when

2

the injury occurred, no condition of the workplace or additional exertion necessitated by work, aside from the usual act of turning one's head to look at another person, caused the injury. The commission also found that Weakley's subsequent pulling of the cable did not constitute the happening of the injury or any compensable aggravation of the original injury. This finding is supported by Weakley's testimony and by the medical records, which attribute Weakley's neck injury to his act of turning his head. We are, therefore, unable to find that Weakley proved as a matter of law that his injury arose out of his employment. For the reasons stated, we affirm the commission's decision.

_Affirmed._
