COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


C. R. WOOTEN TRUCKING, INC.
AND
OLD REPUBLIC INSURANCE COMPANY

                                        MEMORANDUM OPINION[*]
v.   Record No. 2225-95-3                  PER CURIAM
                                        FEBRUARY 27, 1996
DONALD CHAFFIN


                            FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

          (S. T. Mullins; Street, Street, Street,
          Scott & Bowman, on brief), for appellants.

          No brief for appellee.



     The sole issue on this appeal is whether the Workers'

Compensation Commission erred in finding that Donald Chaffin

sustained an injury by accident arising out of his employment on

December 9, 1994.  Upon reviewing the record and employer's

brief, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.

Rule 5A:27.

     "Whether an injury arises out of the employment is a mixed

finding of law and fact and is reviewable by the appellate

court."  Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482,

483, 382 S.E.2d 305, 305 (1989).  Factual findings made by the

commission will be upheld on appeal if supported by credible

evidence.  James v. Capital Steel Constr. Co., 8 Va. App. 512,

_____
          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

515, 382 S.E.2d 487, 488 (1989). On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

The commission held that the assault perpetrated upon Chaffin during the course of his employment related to the manner in which he performed his duties and, was therefore, directed against him as an employee. In so ruling, the commission found as follows:

> [Chaffin's] uncontradicted testimony establishes that at the time of the incident of December 9, 1994, [Chaffin] and Richard Boone, another truck driver, were situated outside the gate on the approach to the Paramont mine. [Chaffin] testified that the truck drivers follow a rule that a driver may pass another upon approaching the entrance to the mine and while still outside the gate. [Chaffin] was following this rule on his way to retrieving a load of coal. Boone became angered when [Chaffin] passed him. The two men had words concerning the passing rule, and then Boone struck [Chaffin].

Chaffin's testimony constitutes credible evidence to support these factual findings. In addition, this credible evidence supports the commission's conclusion that "Boone struck [Chaffin] because he was angered that [Chaffin] had passed him." Thus, the evidence proved that Chaffin's injury was causally connected to the manner in which he performed his work and flowed from his employment as a rational consequence.

Because credible evidence supports the commission's finding that Boone directed the assault against Chaffin as an employee,

2

we uphold the commission's ruling that Chaffin's injuries arose out of his employment.  See Park Oil Co. v. Parham, 1 Va. App. 166, 168, 336 S.E.2d 531, 532 (1985), and Farmers Mfg. Co. v. Warfel, 144 Va. 98, 101-03, 131 S.E. 240, 241 (1926).

For these reasons, we affirm the commission's decision.

Affirmed.