COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Elder
Argued at Richmond, Virginia


LOUISA COUNTY PUBLIC SCHOOLS
 AND TRIGON ADMINISTRATORS
                                     MEMORANDUM OPINION[*] BY
v.  Record No. 3024-95-2            JUDGE JAMES W. BENTON, JR.
                                           JULY 16, 1996
GROVER L. BRADLEY


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

           Patricia C. Karppi (J. Brian Jackson;
           McGuire, Woods, Battle & Boothe, L.L.P., on
           brief), for appellants.

           No brief or argument for appellee.


     Louisa County Public Schools appeals from an award of

temporary total disability benefits to its employee, Grover L.

Bradley.  The employer contends that the Workers' Compensation

Commission erred in ruling that the injury arose out of Bradley's

employment.  We hold that the commission properly applied the

holding in Roberson v. Whetsell, 21 Va. App. 268, 463 S.E.2d 681

(1995), and affirm the award.

                              I.

     In accordance with the usual standard of reviewing the

commission's decision, we view the evidence in the light most

favorable to Bradley, the party prevailing below.  R.G. Moore

Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788

(1990).  So viewed, the evidence proved that Bradley was –
_____
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

performing his duties as a custodian at the Trevillian Elementary School in Louisa County on March 2, 1995. At 6:00 p.m., when Bradley was discarding trash from the school into an outside trash bin, he heard a gunshot. A bullet ricocheted off the trash dumpster and hit Bradley in the left shoulder. As Bradley turned to run for shelter, he felt pain in his groin area. The evidence proved that he suffered a direct inguinal hernia.

Bradley testified that the school is in a rural area and that he never saw the shooter. He also testified that in the past school officials have "tucked the kids in the school house" and called police because deer hunters were shooting close to the school. Although he could not recall that any school employees had previously been hit by a bullet on school grounds, he testified that the school building had been hit by bullets. He further testified that people are "always shooting around there."

## II.

"Whether an injury arises out of the employment is a mixed question of law and fact." Plumb Rite Plumbing Service v. Barbour, 8 Va. App. 482, 483, 382 S.E.2d 305, 305 (1989).

> An accident arises out of the employment if a causal connection is established between the employee's injury and the conditions under which the employer required the work to be performed. The causative danger must be peculiar to the work and not common to the neighborhood.
>
> Our inquiry is not ended simply because the general public is also exposed to the risk. As the Supreme Court stated . . . , "[t]he mere fact that the hazard is one to which the general public is likewise exposed

> is not . . . conclusive against the existence of such causal relationship. The requisite nexus in an assault case is supplied if there is 'a showing that the probability of assault was augmented either because of the peculiar character of the claimant's job or because of the special liability to assault associated with the environment in which he must work.'" Jobs often held to pose a special risk of assault are those that involve working in . . . dangerous areas.

Roberson, 21 Va. App. at 271, 463 S.E.2d at 682 (citations omitted).

The principle is well established that "[f]actual findings by the commission that are supported by credible evidence are conclusive and binding upon this Court on appeal." Southern Iron Works, Inc. v. Wallace, 16 Va. App. 131, 134, 428 S.E.2d 32, 34 (1993). Relying upon Bradley's unrebutted testimony, the commission found "that gunshots fired by hunters are frequent in the area of the school[,] [t]he police have been called to clear away hunters, the school building has been hit, and children have been kept inside the building." No claim is made that Bradley's testimony was not credible.

The commission's findings and the evidence that support those findings are sufficient to establish that Bradley's injuries arose out of his employment. See R&T Investments Ltd., 228 Va. 249, 253-54, 321 S.E.2d 287, 289-90 (1984); Roberson, 21 Va. App. at 272-73, 463 S.E.2d at 683. The evidence proved that Bradley's risk of injury from gunfire increased due to his employment. Thus, for the reasons discussed in Roberson, we find

the employer's reliance upon <u>Hill City Trucking, Inc. v. Christian</u>, 238 Va. 735, 385 S.E.2d 377 (1989); <u>Metcalf v. A.M. Express Moving Systems, Inc.</u>, 230 Va. 464, 339 S.E.2d 177 (1986); and <u>Baggett and Dick Meador Trucking Cos. v. Dillon</u>, 219 Va. 633, 248 S.E.2d 819 (1978), to be unpersuasive.  <u>See</u> 21 Va. App. at 273-74, 382 S.E.2d at 684.

Therefore, we affirm the commission's award of temporary total disability benefits and reasonable costs of medical treatment.

<u>Affirmed</u>.