COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


TESTING SPECIALTIES, INC.
AND
GENERAL ACCIDENT INSURANCE
 COMPANY OF AMERICA                    MEMORANDUM OPINION[*]
                                           PER CURIAM
v.    Record No. 0725-96-1              AUGUST 27, 1996

CARLOS MOLYNEAUX


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (William C. Walker; Bradford C. Jacob; Taylor &
              Walker, on brief), for appellants.

              (Lynne M. Ferris; Knight, Dudley, Clarke &
              Dolph, on brief), for appellee.


     The sole issue on this appeal is whether the Workers'

Compensation Commission erred in finding that Carlos Molyneaux

sustained an injury by accident arising out of his employment on

March 8, 1995.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

5A:27.

     "Whether an injury arises out of the employment is a mixed

finding of law and fact and is reviewable by the appellate

court."  Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482,

483, 382 S.E.2d 305, 305 (1989).  Factual findings made by the

commission will be upheld on appeal if supported by credible

---

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

evidence.  James v. Capital Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).  On appeal, we view the evidence in the light most favorable to the prevailing party below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

The commission held that Molyneaux's injury arose out of the conditions of his employment.  In so ruling, the commission made the following factual findings: "[Molyneaux] was in the process of retrieving test equipment and computers from the company van.  As he held onto the equipment and locked the door, the van door slid onto his finger."

Molyneaux's testimony constitutes credible evidence to support these factual findings.  In addition, this credible evidence supports the commission's conclusion that Molyneaux's injury arose out of the conditions of his employment.  Molyneaux's job duties, which required him to retrieve the equipment from the van, exposed him to an actual risk of injury.  Thus, the injury that he received flowed from his employment as a rational consequence.  In other words, his injury was causally connected to the manner in which he was required to perform his work.

Because credible evidence supports the commission's finding that the conditions of Molyneaux's employment exposed him to the risk of his injury, we uphold the commission's finding that

2

Molyneaux's injury arose out of his employment. Therefore, we affirm the commission's decision.

Affirmed.
