COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Elder and Fitzpatrick

WILHELMENIA LEE

                                        MEMORANDUM OPINION*
v.          Record No. 1254-96-1              PER CURIAM
                                          DECEMBER 17, 1996
CITY OF PORTSMOUTH SCHOOL BOARD

              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                  (William E. Baggs, on briefs), for appellant.

                  (Andrew R. Blair, on brief), for appellee.


        The sole issue on this appeal is whether the Workers'
Compensation Commission (commission) erred in finding that
Wilhelmenia Lee (claimant) failed to prove that she sustained an
injury by accident arising out of her employment on May 16, 1995.
 Upon reviewing the record and the briefs of the parties, we
conclude that this appeal is without merit.  Accordingly, we
summarily affirm the commission's decision.  Rule 5A:27.

        On appeal, we view the evidence in the light most favorable
to the party prevailing below.  R.G. Moore Bldg. Corp. v.
Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  To
recover benefits, claimant must establish that she suffered an
"injury by accident arising out of and in the course of [her]
employment," Code § 65.2-101, and "that the conditions of the
workplace or some significant work related exertion caused the
injury."  Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482,

---
        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

484, 382 S.E.2d 305, 306 (1989). "The phrase arising 'out of' refers to the origin or cause of the injury." County of Chesterfield v. Johnson, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989). "Whether an injury arises out of the employment is a mixed question of law and fact and is reviewable by the appellate court." Plumb Rite, 8 Va. App. at 483, 382 S.E.2d at 305. However, unless we conclude that claimant proved, as a matter of law, that her employment caused her injury, the commission's finding is binding and conclusive on appeal. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying claimant's application, the commission found as follows:

> [C]laimant has offered no testimony that she was in an awkward position or cramped quarters when she bent over to pick up a piece of paper. The claimant argues that because she is overweight we must presume she was in an awkward position when she bent over on a school bus. However, absent some specific evidence that her movement was obstructed, confined, cramped, restricted, or made difficult or awkward in any way by her work environment, we cannot presume that a back injury from bending to pick up a piece of paper "arises out of" the employment.

The evidence established that claimant did not engage in any significant exertion, that her action of bending did not involve any awkward position, and that no condition or hazard peculiar to her workplace caused her injury, aside from the usual act of bending and picking up a piece of paper. Therefore, we hold that claimant failed to prove as a matter of law that her injury arose

2

out of her employment.

     For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>
