COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Coleman and Willis


GREAT COASTAL EXPRESS, INC. AND
  PACIFIC EMPLOYERS INSURANCE COMPANY
                                            MEMORANDUM OPINION[*]
v.    Record No. 1964-96-2                       PER CURIAM
                                            JANUARY 28, 1997
IRVIN R. HARLOW


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               (David L. Epperly, Jr.; Epperly, Follis &
               Schork, on brief), for appellants.

               (Peter D. Eliades; Marks & Harrison, on
               brief), for appellee.


     Great Coastal Express, Inc. and its insurer (hereinafter

collectively referred to as "employer") contend that the Workers'

Compensation Commission erred in finding that Irvin R. Harlow's

June 23, 1995 injury by accident arose out of his employment.

Upon reviewing the record and the briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

"Whether an injury arises out of the employment is a mixed

finding of law and fact and is reviewable by the appellate

court."  Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482,

_____

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

483, 382 S.E.2d 305, 305 (1989). Factual findings made by the commission will be upheld on appeal if supported by credible evidence. James v. Capital Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

Harlow began to experience pain in the small toe of his right foot while driving his employer's tractor trailer from Richmond, Virginia to Texas. Because of the pain Harlow could not wear boots and wore tennis shoes. When the shoe began to irritate his toe, Harlow removed it. While driving without a shoe, Harlow learned that he might be required to stop at a weigh station where shoes are required. He then attempted to cut a hole in his tennis shoe so that his sore toe could protrude from the shoe and feel more comfortable. However, the knife slipped out of his hand and injured his right eye. Harlow sought immediate medical treatment.

Based upon this record, the commission found that Harlow was aware of Department of Transportation regulations that require drivers to wear shoes while operating a commercial vehicle on a public highway. Furthermore, the commission held that "Harlow's injury arose out of and in the course of his employment because he was attempting to alter his shoe for comfort."

Harlow's testimony provides credible evidence to support the commission's findings. His testimony proved that his injury was causally connected to the manner in which he was required to perform his work and flowed from his employment as a rational

consequence.

Accordingly, we affirm the commission's decision.

Affirmed.
