COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


FOOD LION, INC.

                                        MEMORANDUM OPINION[*]
v.   Record No. 1105-97-1                  PER CURIAM
                                        SEPTEMBER 9, 1997
BRIAN D. BETTS


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (William B. Pierce, Jr.; William F. Karn;
              Pierce & Howard, on brief), for appellant.

              (Johnny C. Cope; Saunders, Cope, Olson &
              Yoffy, on brief), for appellee.



     Food Lion, Inc. (employer) contends that the Workers'

Compensation Commission (commission) erred in finding that Brian

D. Betts (claimant) proved he sustained an injury by accident

arising out of his employment on June 9, 1996.  Upon review of

the record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "To

prove the 'arising out of' element, [in a case involving injuries

sustained from falling . . . at work, claimant] must show that a

condition of the workplace either caused or contributed to [his]

fall."  Southside Virginia Training Ctr. v. Shell, 20 Va. App.

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

199, 202, 455 S.E.2d 761, 763 (1995) (citing County of Chesterfield v. Johnson, 237 Va. 180, 184, 376 S.E.2d 73, 76 (1989)). "Whether an injury arises out of the employment is a mixed question of law and fact and is reviewable by the appellate court." Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 483, 382 S.E.2d 305, 305 (1989).

In ruling that claimant's injuries arose out of his employment, the commission found as follows:

> [Claimant] was jogging to the freezer area, when he slipped and fell. He believes he slipped in some condensation which frequently develops next to the freezer. He has seen this condensation on many occasions, and although he did not document the presence of water on this particular occasion, the fact that something caused him to slip and break his foot suggests the presence of a slippery substance which was likely water. The employer conceded that condensation tends to develop on the floor in the freezer area. The credible and uncontradicted evidence as a whole establishes that the claimant jogged into an area of the floor which had some condensation on it, causing him to slip. . . . [T]he claimant in this situation need not identify any particular substance or hazard that caused his fall, when the evidence preponderates to show that the fall was precipitated by his hurried actions for the benefit of the employer and by the damp floor.

Claimant's testimony constitutes credible evidence to support the commission's factual findings. Based upon these

findings, the commission could reasonably infer that the claimant's employment-related need to hurry and the damp floor caused him to slip and fall, which resulted in his injuries. "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988). Here, the evidence supported an inference that conditions of the workplace either caused or contributed to claimant's injuries.

Accordingly, we affirm the commission's decision.

Affirmed.