COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


JERRY ANNE BICKELL
                                    MEMORANDUM OPINION[*]
v.    Record No. 1328-98-1              PER CURIAM
                                    NOVEMBER 24, 1998
LAKE TAYLOR HOSPITAL AND
 HEALTHCARE PROVIDERS GROUP
 SELF-INSURANCE ASSOCIATION


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (A. Kirk Whitworth; Joynes & Marcari, on
              brief), for appellant.

              (Andrea L. Bailey; Crews & Hancock, on
              brief), for appellees.


     Jerry Anne Bickell contends that the Workers' Compensation

Commission erred in finding she failed to prove an injury by

accident arising out of her employment on March 15, 1996.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  See Rule 5A:27.

     To recover benefits, Bickell must establish that she

suffered an "injury by accident arising out of and in the course

of [her] employment."  Code § 65.2-101.  "The phrase arising 'out

of' refers to the origin or cause of the injury."  County of

Chesterfield v. Johnson, 237 Va. 180, 183, 376 S.E.2d 73, 74

(1989).  It requires proof "that the conditions of the workplace

or some significant work related exertion caused the injury."

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 484, 382 S.E.2d 305, 306 (1989). Furthermore, the commission's determination that the evidence failed to prove "an injury arising out of the employment is a mixed question of law and fact and is reviewable by the appellate court." Plumb Rite, 8 Va. App. at 483, 382 S.E.2d at 305.

On appeal, we view the evidence in the light most favorable to the party prevailing below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). In denying Bickell's application, the commission found as follows:

> [W]e are persuaded that the accident occurred as described by [Bickell] both at the hearing and in her recorded statement. [Bickell] was standing, both feet flat on the floor, slightly bent at the waist with her arms outstretched in preparation to lift the patient. She had not lifted the patient or exerted any effort in preparation to do so. [Bickell] was not in an awkward position but was simply standing flat-footed. She had sought medical treatment for her ankle the day before, and she has not described any work-related cause for her ankle injury.

Credible evidence in the record established that Bickell was standing flat-footed in preparation for lifting the patient. She was not in an awkward position and did not engage in any significant exertion. Thus, no condition or hazard peculiar to Bickell's workplace caused her injury.

The commission correctly rejected Patsy Meseroll's testimony. Her testimony that Bickell was actually lifting the patient, contradicted Bickell's own testimony. Under the

doctrine enunciated in <u>Massie v. Firmstone</u>, 134 Va. 450, 462, 114 S.E. 652, 656 (1922), Bickell could not rise above her own testimony, which was insufficient to prove an injury by accident arising out of her employment. Therefore, we hold that Bickell failed to prove as a matter of law that her injury arose out of her employment.

For these reasons, we affirm the commission's decision.

<u>Affirmed</u>.