COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


EASTERN STATE HOSPITAL
                                        MEMORANDUM OPINION[*]
v.   Record No. 2211-98-1                   PER CURIAM
                                         JANUARY 19, 1999
TENIA P. ROBERSON


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Mark L. Earley, Attorney General; Judith W.
                Jagdmann, Deputy Attorney General; Gregory E.
                Lucyk, Senior Assistant Attorney General;
                Scott J. Fitzgerald, Assistant Attorney
                General, on brief), for appellant.  Appellant
                submitting on brief.

                (Johnny C. Cope; Cope, Olson & Yoffy, on
                brief), for appellee.  Appellee submitting on
                brief.


        Eastern State Hospital ("employer") appeals a decision of

the Workers' Compensation Commission ("commission") awarding

benefits to Tenia P. Roberson ("claimant").  Employer contends

that the commission erred in finding that (1) claimant proved

that she sustained an injury by accident arising out of her

employment on November 13, 1997; (2) the November 13, 1997

incident resulted in a new injury, rather than a non-compensable

aggravation of claimant's March 28, 1995 injury; and (3)

claimant's testimony was credible.  Finding no error, we affirm.

        I. and III.

        On appeal, we are bound by the factual findings of the

---

        [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

commission if they are supported by credible evidence in the record.  See Crisp v. Brown's Tysons Corner Dodge, Inc., 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986); Code § 65.2-706. However, "[w]hether an injury arises out of the employment is a mixed question of law and fact and is reviewable by the appellate court."  Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 483, 382 S.E.2d 305, 305 (1989).  "The phrase arising 'out of' refers to the origin or cause of the injury."  County of Chesterfield v. Johnson, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989).  To prevail, claimant must "show that the conditions of the workplace . . . caused the injury."  Barbour, 8 Va. App. at 484, 382 S.E.2d at 306.

In ruling that claimant's injuries arose out of her employment, the commission found as follows:

> The claimant's accident occurred when she collided with a co-worker in a hallway on the employer's premises.  Although the evidence regarding the severity of the collision is in conflict, a resolution of that conflict is not necessary.  The thrust of the employer's argument on review is that this type of accident can occur in any setting, whether at work or outside the workplace, and that it is, therefore, not due to a risk that arises from the workplace.
> Contrary to the employer's position, the issue is not whether the accident is of the type that occur outside the workplace; the issue is whether the workplace, in the particular situation at hand, exposed the claimant to the risk of injury.  In this case, the injury was caused by the inattentiveness of a co-employee.  Accidents due to the negligence of co-workers historically have been found to arise out of the employment.

Claimant testified that Nurse Alice Gibilaro was walking briskly, with her head turned away from claimant, and collided with claimant as she spoke to another employee in a hallway. Gibilaro corroborated claimant's evidence, explaining that, while en route to another ward, someone called her name in reference to a job-related issue, and she turned her head and "walked into" claimant. Thus, credible evidence supports the commission's factual findings and related conclusion that claimant's injuries were caused by an actual risk of employment. See Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987).

## II.

In rejecting employer's argument that on November 13, 1997 claimant suffered a non-compensable aggravation of her March 28, 1995 injury rather than a new injury, the commission made the following factual findings:

> [T]he claimant had been under medical treatment for her March 28, 1995 injury until May, 1996. She then went without treatment until August, 1997, when she returned to Dr. [Jeffrey D.] Moore complaining of right leg pain and numbness that apparently was related to her chronic back condition. Dr. Moore saw the claimant again on September 5, 1997, at which time the claimant's symptoms had not worsened.
>
> The claimant had no further medical treatment until she was seen at FirstMed following her accident on November 13, 1997. At that time, in addition to the right leg symptoms, the claimant had back pain and muscle spasms. The history taken at the time was that the claimant was bumped into at work, which caused her to suddenly twist her back. This caused sharp pain in her lower

- 3 -

> lumbar area as well as muscle spasm.  The
> claimant continued to treat thereafter with
> FirstMed, and later returned to Dr. Moore.
> He opined that the claimant had aggravated
> her pre-existing back condition in the
> accident of November 13, 1997.

The medical records of FirstMed and Dr. Moore, coupled with claimant's testimony, provide credible evidence to support the commission's factual findings.  Thus, we will not disturb those findings on appeal.  Based upon those findings, the commission could reasonably conclude that claimant sustained a new injury by accident at work on November 13, 1997.  Furthermore, Dr. Moore's opinion constitutes credible evidence to support the commission's finding that claimant's new accident on November 13, 1997 caused an aggravation of her pre-existing condition, for which employer is responsible.  See First Fed. Sav. & Loan Ass'n v. Gryder, 9 Va. App. 60, 63, 383 S.E.2d 755, 757-58 (1989).

For these reasons, we affirm the commission's decision.

Affirmed.