COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons


BONNIE S. PATE

                            MEMORANDUM OPINION*

v.    Record No. 0065-99-1          PER CURIAM
                            JUNE 1, 1999
DOLLAR TREE STORES, INC. AND
 GENERAL ACCIDENT INSURANCE
 COMPANY OF AMERICA


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

      (John H. Klein; Montagna, Klein & Camden,
      L.L.P., on brief), for appellant.

      (Bradford C. Jacob; Taylor & Walker, P.C., on
      brief), for appellees.


     Bonnie Pate (claimant) contends that the Workers'

Compensation Commission (commission) erred in finding that she

failed to prove that she sustained an injury by accident arising

out of her employment on October 14, 1997.  Upon reviewing the

record and the briefs of the parties, we conclude that this appeal

is without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  To

recover benefits, claimant must establish that she suffered an

---

    *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

"injury by accident arising out of and in the course of [her] employment," Code § 65.2-101, and "that the conditions of the workplace or some significant work related exertion caused the injury." Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 484, 382 S.E.2d 305, 306 (1989). "The phrase arising 'out of' refers to the origin or cause of the injury." County of Chesterfield v. Johnson, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989). "Whether an injury arises out of the employment is a mixed question of law and fact and is reviewable by the appellate court." Plumb Rite, 8 Va. App. at 483, 382 S.E.2d at 305. However, unless we conclude that claimant proved, as a matter of law, that her employment caused her injury, the commission's finding is binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying claimant's application, the commission found as follows:

> [T]he claimant was sitting in a low chair, the desk was at a level right under her breast line, when she felt pain in her low back after reaching forward and picking up a stack of paper that weighed less than two pounds. We cannot find, based on the evidence, that the height of the chair required the claimant to reach or stretch sufficiently to have placed her in an awkward position or require unusual exertion in order to collate the documents. Therefore, there was not a causative nexus between the chair height and the injury.
>
> . . . [T]he claimant was performing the simple task of reaching to collate documents while sitting in a chair that was lower in

relation to the desk than one would normally expect. This is not sufficient to provide the sufficient relationship between the work and the injury for the injury to arise out of the employment.

No evidence established that claimant engaged in any significant exertion, that her action of sitting in the chair and reaching for the papers involved any awkward position, or that any condition or hazard peculiar to her workplace caused her injury, aside from the usual act of reaching to pick up the papers. Therefore, we hold that claimant failed to prove as a matter of law that her injury arose out of her employment.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>