COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Coleman and Elder


WILLIAM FREZELL CRAWFORD
                                        MEMORANDUM OPINION*
v.    Record No. 1125-99-3                 PER CURIAM
                                        OCTOBER 5, 1999
VIRGINIA ELECTRIC & POWER COMPANY


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                  (A. Thomas Lane, Jr., on brief), for
                  appellant.

                  (Susan Moloney Smith; Midkiff & Hiner, P.C.,
                  on brief), for appellee.


     William Frezell Crawford contends that the Workers'

Compensation Commission (commission) erred in finding that he

failed to prove that he sustained an injury by accident arising

out of his employment on March 19, 1997.  Upon reviewing the

record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  To

recover benefits, Crawford must establish that he suffered an

"injury by accident arising out of and in the course of his

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

employment," Code § 65.2-101, and "that the conditions of the workplace or some significant work related exertion caused the injury." Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 484, 382 S.E.2d 305, 306 (1989). "The phrase arising 'out of' refers to the origin or cause of the injury." County of Chesterfield v. Johnson, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989). "Whether an injury arises out of the employment is a mixed question of law and fact and is reviewable by the appellate court." Plumb Rite, 8 Va. App. at 483, 382 S.E.2d at 305. However, unless we conclude that Crawford proved, as a matter of law, that his employment caused his injury, the commission's finding is binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

Crawford testified that on March 19, 1997, in the course of his employment as a meter reader, he drove the company regular size pickup truck to a house, put the truck in park, and

> reached over to open the door and reached
> back to get my data cap [located to the
> right on the seat next to me] and when I
> twisted to get out of the truck I got---my
> left foot went down and then I felt a real
> sharp pain in the back of my back . . . .[1]

Crawford stated on redirect examination that he "rotated to get out of the truck faster than I usually do and that is about the

---

[1] A data cap is a small hand-held computer which weighs three pounds.

-

only thing else different that I did" than he would normally do exiting the truck.  Crawford told his supervisor that he had twisted his back while exiting his truck.  In an accident report, signed by Crawford two days after the incident, Crawford reported "I was attempting to get out of my truck to go to read a meter . . . when I felt a sharp pain in my back."[2]

In denying Crawford's application, the commission found as follows:

> [Crawford's] simple act of exiting the truck did not expose him to any hazard or risk attributable to the employment.  There was nothing awkward, unusual, peculiar or strenuous in that movement. . . .  He was driving a standard pick-up truck, and there is no persuasive evidence that the features of this vehicle were unusual or that they contributed in any manner to cause his injury.  Carrying the data cap did not entail any significant exertion, and the employer did not require [Crawford] to rush. Neither the manner in which [Crawford] was doing his job nor any condition of the workplace caused his injury or constituted a risk of injury to [him].

The evidence established that Crawford did not engage in any significant exertion, that his simple act picking up the three-pound data cap and turning to exit his truck did not involve any awkward position, and that no condition or hazard peculiar to his workplace caused his injury, aside from the usual act of turning and exiting a vehicle.  Therefore, we hold

_____

[2] Crawford had a long history of low back pain before March 19, 1997, dating back to as early as 1980.

-

that Crawford failed to prove as a matter of law that his injury arose out of his employment.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>
