COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Frank


DONALD JAMES JOHNSON
                                    MEMORANDUM OPINION*
v.    Record No. 2266-99-2              PER CURIAM
                                     JANUARY 18, 2000
COUNTY OF HENRICO POLICE and
 COUNTY OF HENRICO


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Malcolm Parks; Maloney, Huennekens, Parks,
              Gecker & Parsons, P.C., on brief), for
              appellant.

              (Ralph L. Whitt, Jr.; Michael P. Del Bueno;
              Williams, Lynch & Whitt, P.C., on brief), for
              appellees.


     Donald James Johnson ("claimant") contends that the

Workers' Compensation Commission (commission) erred in finding

that he failed to prove that he sustained an injury by accident

arising out of his employment on September 12, 1998.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  See Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  To

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

recover benefits, claimant must establish that he suffered an "injury by accident arising out of and in the course of his employment," Code § 65.2-101, and "that the conditions of the workplace or some significant work related exertion caused the injury." Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 484, 382 S.E.2d 305, 306 (1989). "The phrase arising 'out of' refers to the origin or cause of the injury." County of Chesterfield v. Johnson, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989). "Whether an injury arises out of the employment is a mixed question of law and fact and is reviewable by the appellate court." Plumb Rite, 8 Va. App. at 483, 382 S.E.2d at 305. However, unless we conclude that claimant proved, as a matter of law, that his injury arose out of his employment, the commission's finding is binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

On September 12, 1998, while in the course of his employment as a police officer, claimant was approached by another police officer, who clapped claimant on the back and lower neck, as a form of greeting, without any intention to hurt claimant. Claimant felt immediate pain and later sought medical treatment for injuries sustained as a result of the incident.

In denying claimant's application, the commission found as follows:

> [W]e have no evidence that [claimant's] work exposed him to any enhanced risk of being greeted by a clap on the back. Nor is there any evidence that this type of greeting benefited the employer or the employee's work as a police officer. Although there is no direct evidence, we can infer that such a greeting is motivated through friendship, but need not make such a finding in order to decide this case. . . .
>
> [Claimant] has failed to prove that the greeting which injured him was other than personal in nature. . . . A clap on the back in greeting is more akin to the friendly "goosing" in [Richmond Newspapers v.] Hazelwood, [249 Va. 369, 457 S.E.2d 56 (1995)] than it is to horseplay, which is defined as "rough or boisterous play or pranks." Also, we decline to find such a greeting constitutes an assault, or that it was directed at the claimant due to the employment. To the contrary, such a friendly act pervades the common human intercourse of life both inside and outside the workplace, with no special relationship to the employment.

(Citation omitted.)

The commission's factual findings and the inferences fairly deducible from those findings are amply supported by the record. Accordingly, they are binding on appeal. No evidence indicated that the officer who "clapped" claimant on the back and neck did so with any intent to engage in playful or prankish behavior, such that his actions could be considered horseplay. In addition, no evidence brought this case within the ambit of a compensable assault case. Rather, the undisputed evidence proved that the injury was caused by the personal greeting of

- 3 -

one police officer to another and did not arise from an actual risk connected with claimant's employment. Contrary to claimant's argument, no evidence showed that the greeting was directed at claimant because of his employment as a police officer or that it benefited the employer in any manner. Accordingly, we cannot find as a matter of law that claimant's evidence sustained his burden of proving that his injury arose out of his employment.

For these reasons, we affirm the commission's decision.

Affirmed.