COURT OF APPEALS OF VIRGINIA


Present:  Judges Agee, Annunziata and Senior Judge Coleman


FOOD LION, INC. AND
 RISK MANAGEMENT SERVICES, INC.
                                         MEMORANDUM OPINION*
v.    Record No. 1734-01-1                   PER CURIAM
                                          NOVEMBER 13, 2001
DOUGLAS MCARTHUR SEALS, JR.


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Tenley A. Carroll-Seli; Pierce & Howard,
                P.C., on brief), for appellants.

                No brief for appellee.


        Food Lion, Inc. and its insurer (hereinafter referred to as

"employer") contend that the Workers' Compensation Commission

erred in finding that Douglas McArthur Seals, Jr. (claimant)

proved that he sustained an injury by accident arising out of

his employment on June 15, 2000.  Upon reviewing the record and

opening brief, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  See

Rule 5A:27.

        On appeal, we view the evidence in the light most favorable

to the prevailing party below. R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

"Whether an injury arises out of the employment is a mixed

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

question of law and fact and is reviewable by the appellate court." Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 483, 382 S.E.2d 305, 305 (1989). "The phrase arising 'out of' refers to the origin or cause of the injury." County of Chesterfield v. Johnson, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989). To prevail, claimant must "show that the conditions of the workplace or that some significant work related exertion caused the injury." Plumb Rite, 8 Va. App. at 484, 382 S.E.2d at 306.

In ruling that claimant met his burden of proof, the commission found as follows:

> [C]laimant sustained injury when he unexpectedly was required to catch a shoplifter. The claimant's knee gave out as he turned a corner trying to catch a shoplifter. He testified that he started walking slowly and then in trying to speed up to get to the door quickly, he took two steps, turned the corner, trying to avoid the corner of the register, when he felt his knee pop and give way. The Deputy Commissioner found the claimant credible and resolved any discrepancies in the record in his favor. We generally defer to a Deputy Commissioner's credibility determinations regarding witnesses the deputy observed first hand and from whom impressions were formed.
>
> The record establishes that the claimant was injured as he changed his gait in an effort to move more quickly. He testified this action, planting his foot, was more "forceful" than mere walking. That action taken and movement made, done to apprehend suspected shoplifters, is the "critical link" between the accident and the

employment. We agree with the Deputy Commissioner that the injury arose out of the employment.

Claimant's testimony constitutes credible evidence to support the commission's factual findings. Claimant stated that when he planted his foot and tried to push off to run across the front of the store to catch the shoplifter, his knee popped and gave way. Claimant was not simply walking and his knee gave way. Rather, the commission could reasonably infer from the evidence that claimant's employment-related need to hurry to catch the shoplifters resulted in his knee injury. "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988). Here, the evidence supported an inference that the conditions of the workplace either caused or contributed to the claimant's injury.

Accordingly, we affirm the commission's decision.

Affirmed.