COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Frank and Clements


DIRECTORS DISTRIBUTORS AGRI SUPPLY AND
 AMERICAN ALTERNATIVE INSURANCE
 CORPORATION
                                        MEMORANDUM OPINION*
v.    Record No. 0868-02-2                   PER CURIAM
                                         SEPTEMBER 17, 2002
ROBERT PUGH


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Steven H. Theisen; Theisen & Lingle, P.C.,
            on brief), for appellants.

            (Gerald G. Lutkenhaus, on brief), for
            appellee.


        Directors Distributors Agri Supply and its insurer

(hereinafter referred to as "employer") contend the Workers'

Compensation Commission erred in finding that Robert Pugh

(claimant) proved (1) he sustained an injury by accident arising

out of his employment on May 17, 2001; and (2) he was entitled

to an award of continuing disability benefits after August 21,

2001, as a result of his compensable injury by accident.  Upon

reviewing the record and the parties' briefs, we conclude that

this appeal is without merit.  Accordingly, we summarily affirm

the commission's decision.  Rule 5A:27.

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

## I.  Arising Out Of

On appeal, we view the evidence in the light most favorable to the prevailing party below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "Whether an injury arises out of the employment is a mixed question of law and fact and is reviewable by the appellate court."  Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 483, 382 S.E.2d 305, 305 (1989).  "The phrase arising 'out of' refers to the origin or cause of the injury."  County of Chesterfield v. Johnson, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989).  To prevail, claimant must "show that the conditions of the workplace or that some significant work related exertion caused the injury."  Plumb Rite, 8 Va. App. at 484, 382 S.E.2d at 306.

In ruling that claimant met his burden of proof, the commission adopted the deputy commissioner's findings as follows:

> "Pugh testified credibly that he had placed his right hand on the top of the hopper, and was reaching with his left hand to grip underneath the hopper.  He stated that at the time of his injury, he was exerting some force with his right hand, in order to stabilize the top-heavy hopper.  He testified that this was not really a normal lifting position, as he would not normally be reaching out in this manner to get a grip and to stabilize the hopper."
>
> We find that at the time of the injury, he was in an awkward position, as he had his right hand on top of the four to five foot

tall hopper, while reaching underneath with his left hand. Also, he was applying some force with his right hand in order to stabilize the top-heavy hopper. Thus, we find that he was engaged in more than a simple 3/4 squat at the time of the injury, as his hands were separated by the four to five foot height of the hopper, and he was stabilizing the top of the hopper with his right hand. . . . [W]e also find that the claimant also had to reach inward with his left hand and outward with his right hand. We conclude that the claimant was required to squat while reaching in an awkward manner with both hands while applying stabilizing force with his right hand. Thus, we find that the claimant has persuasively established that his injury resulted from an actual risk of his employment.

As fact finder, the commission was entitled to resolve any inconsistencies between claimant's hearing testimony and his written statement in favor of claimant. It is well settled that credibility determinations are within the fact finder's exclusive purview. Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). Claimant's testimony constitutes credible evidence to support the commission's factual findings. Claimant stated that when he squatted down with his right hand on top of the four to five foot hopper and his left hand underneath it, while exerting some force with his right hand to stabilize the top-heavy hopper, his knee gave way. Dr. Jed S. Vanichkachorn, claimant's treating orthopedic surgeon, indicated in his July 27, 2001 letter that claimant sustained a "Type II discoid meniscus that had sustained a recent, large longitudinal tear of the posterior horn region."

- 3 -

Claimant was not simply squatting and his knee gave way. Rather, the commission could reasonably infer from the evidence that claimant's employment-related need to lift the top-heavy hopper in an awkward manner resulted in his knee injury. "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988). Here, the evidence supported an inference that the conditions of the workplace either caused or contributed to the claimant's injury.

## II. Disability

Factual findings made by the commission will be upheld on appeal if supported by credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

On July 9, 2001, Dr. Vanichkachorn performed arthroscopic right knee surgery on claimant. On July 27, 2001, Dr. Vanichkachorn indicated that claimant had "just started an aggressive formal physical therapy program for increased range of motion, pain relief, increased strength, and increased function." Dr. Vanichkachorn opined that claimant should "expect to be out of work a minimal [sic] of six weeks post-operatively as knee function returns." The hearing took place on August 13, 2001, less than six weeks after July 9, 2001. Thus, as of the hearing date, Dr. Vanichkachorn's medical

reports and opinions constituted credible medical evidence to support the commission's finding that claimant was entitled to an award of continuing temporary total disability benefits.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>