COURT OF APPEALS OF VIRGINIA


Present:    Judges Elder, Felton and Senior Judge Willis


DIANE RYGIELSKI

v.         Record No. 2457-03-3

LYNCHBURG GENERAL HOSPITAL AND
 RECIPROCAL OF AMERICA, VIRGINIA
 PROPERTY AND CASUALTY INSURANCE
 GUARANTY ASSOCIATION

MEMORANDUM OPINION[*]
PER CURIAM
JANUARY 20, 2004


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Philip B. Baker; Sanzone & Baker, P.C., on brief), for appellant.

(James A.L. Daniel; Janine M. Jacob; Daniel, Vaughan, Medley & Smitherman, P.C., on brief), for appellees.


Diane Rygielski (claimant) contends the Workers' Compensation Commission erred in finding that she failed to prove she sustained an injury by accident arising out of her employment on January 7, 2002.  Upon reviewing the record and the parties' briefs, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the commission's decision. Rule 5A:27.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "Whether an injury arises out of the employment is a mixed question of law and fact and is reviewable by the appellate court."  Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 483, 382 S.E.2d 305, 305 (1989).  "The phrase arising 'out of' refers to the origin or cause of the injury."  County of Chesterfield v. Johnson, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989).  To

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

prevail, claimant must "show that the conditions of the workplace or that some significant work related exertion caused the injury." Plumb Rite, 8 Va. App. at 484, 382 S.E.2d at 306.

Claimant testified that on January 7, 2002, around 4:50 p.m., she exited her workplace and while walking across an access road to get to an employee parking lot, she "slipped on some kind of wet surface." She stated that it had snowed the previous day and that she saw patches of snow. She described the surface of the road as smooth with no cracks or potholes. She was wearing leather shoes. Claimant sustained a fracture of her left knee as a result of the fall.

Claimant admitted that in her answers to employer's interrogatories she indicated that she slipped on ice and fell. At the hearing, however, she stated that she did not see what she slipped on. Claimant also admitted that in her February 2, 2002 recorded statement to insurer's representative, she stated that she slipped on something, but she was not sure what caused her to fall.

Larry Davis, plant operator in employer's Plant Engineering Department, confirmed that the outside temperature on January 7, 2002, near where claimant fell, was 42.25 degrees at 4:00 p.m., 41.8 degrees at 4:30 p.m., and 41.25 degrees at 4:50 p.m.

Basil W. Mitchell, employer's security supervisor, who responded almost immediately to the area where claimant fell, testified that it had snowed a day or two before claimant's fall, but he did not notice any snow, ice, dampness or puddles in the area where she fell nor did he see any defects in the pavement. He stated that claimant's clothing did not appear wet.

Samuel P. Register, III, employer's security officer, assisted claimant within one minute of receiving the call that she had fallen. He stated that although it had snowed a day or two before January 7, 2002, he did not see any snow or ice on the asphalt where claimant fell. He stated that there might have been a little dampness but no puddles. He confirmed that it was not raining that day. He also noticed that claimant was wearing "very slick-soled shoes."

William J. Kershner, employer's security officer, who also responded to the scene of claimant's fall, did not see any ice or snow in that area. He saw puddles, but they were twenty to fifty feet away from claimant. He did not notice any defects in the pavement. When he asked claimant what happened, she stated that she "stepped down wrong." He did not recall that claimant's clothing was wet.

On rebuttal, claimant called Judith Johnson to testify. Johnson, who was out of work on disability, testified that she was in the parking lot between 4:30 and 5:00 p.m. on January 7, 2002 and that it was wet. Johnson saw claimant in the parking lot and saw a man place a coat over claimant. Johnson stated that she saw wet pavement in the area where claimant was lying, but she did not see any snow or ice.

Claimant reported to emergency room personnel on January 7, 2002 that she slipped on ice and fell striking her knee.

In ruling that claimant failed to prove by a preponderance of the evidence that her injury arose out of her employment, the commission found as follows:

> [W]e find the evidence fails to establish a cause for the claimant's fall with sufficient specificity. The record contains inconsistent explanations for the fall, including ice, wet pavement, or simply stepping down "wrong." A close review of the claimant's testimony in conjunction with the other evidence leads us to the conclusion that the claimant is speculating regarding the cause of her fall.

> Additionally, while there is evidence that it had snowed within a couple of days of the accident, the employer's witnesses consistently testified that there was no ice, snow or puddles in the area where the claimant fell on January 7, 2002. Some of these witnesses were on the scene within minutes and we find their testimony regarding the condition of the pavement persuasive.

It is well settled that credibility determinations are within the fact finder's exclusive purview. Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). The commission, as fact finder, was entitled to accept the testimony of employer's

- 3 -

witnesses, Mitchell, Register, and Kershner, and to give little probative weight to the testimony of claimant and Johnson.  Claimant's hearing testimony was not consistent with her statement to Kershner that she "stepped down wrong," nor was it consistent with her description of the incident contained in her recorded statement, the history she gave to emergency room personnel on January 7, 2002, or the description of the incident contained in her March 22, 2002 Claim for Benefits.  Employer's witnesses, Mitchell, Register, and Kershner, arrived in the area where claimant fell very shortly after her fall, and consistently testified that there was no snow, ice or puddles in the area where claimant fell and there was no defect in the pavement.

A claimant has "the burden of establishing, by a preponderance of the evidence, and not merely by conjecture or speculation, that she suffered an injury by accident which arose out of and in the course of the employment."  Central State Hosp. v. Wiggers, 230 Va. 157, 159, 335 S.E.2d 257, 258 (1985).  In light of the testimony of employer's witnesses and claimant's inconsistent explanations for her fall, the commission could reasonably conclude that claimant was speculating as to the cause of her fall and, therefore, she failed to sustain her burden of proof by a preponderance of the evidence.

For these reasons, we affirm the commission's decision.

Affirmed.